Argued February 6, affirmed March 6, 1917.

# CLARINDA TRUST & SAVINGS BANK *v.* DOTY.

### (163 Pac. 418.)

**Bills and Notes—Pleading—Plea in Abatement.**

1. If a transfer of notes by the payee was made without the knowledge on the part of the transferee of any infirmity in the notes or of any circumstances indicating the design on the part of the payee to deal fraudulently with the maker or to avoid responding to any warranty it had given covering the goods for which the notes were executed, the maker's plea, in the transferee's suit on the notes, setting up the warranty, its breach, and averring that the suit was in the name of the transferee, through collusion with the payee, to deprive the maker of his equities, was unavailable.

**Bills and Notes—Pleading.**

2. Where notes were given for goods sold under warranty, the warranty was broken, and the notes were transferred with notice to the transferee of the fact, and that the payee intended to deal fraudulently with the maker, such matters could be urged in bar of the transferee's suit on the notes, and did not need to be pleaded in abatement.

**Pleading—Plea in Abatement.**

3. The sole object of a plea in abatement is to protect defendant from another suit brought by some person who might be the real party in interest.

[As to when an action is "pending," within the contemplation of laws relating to pleas in abatement, see note in Ann. Cas. 1914D, 1007.]

**Chattel Mortgages—Right to Foreclose—Assignment of Notes and Transfer of Mortgage.**

4. The assignment of notes and the actual manual transfer of the chattel mortgage securing them carried the right to have the mortgage foreclosed.

Pleading—Raising Issue—Reply to Plea in Abatement.

5. The original reply to defendant's answer in abatement, which reply denied every "material" allegation of the plea in abatement, was insufficient to raise an issue.

Pleading—Amendment—Statutes.

6. Where the reply to a plea in abatement was insufficient to raise an issue because it only professed to deny the material allegations of the answer, the court had authority, under Sections 100, 101, and 102, L. O. L., relative to amendments to pleadings, to allow amendment, the reply being a mere imperfect denial, and the amendment not introducing any new cause of defense.

Pleading—Verification—Waiver—Statute.

7. Where there is no motion to strike out a pleading, as required by Section 106, L. O. L., providing that any pleading not duly verified may be stricken on motion, any defect in the verification of the pleading is waived.

From Klamath: GEORGE NOLAND, Judge.

This is a suit by the Clarinda Trust & Savings Bank, a corporation, against M. R. Doty. From a decree dismissing defendant's answer in abatement and judgment for costs in favor of plaintiff, defendant appeals.

Department 2. Statement by MR. CHIEF JUSTICE McBRIDE.

This is a suit to foreclose a chattel mortgage given by defendant to secure thirty promissory notes made by him to the Lisle Manufacturing Company, of Clarinda, Iowa. The complaint sets up the ownership by plaintiff of twenty-two of these notes and of the mortgage. It appears from the mortgage that these notes were given to secure the payment of certain sums due upon a machinery contract, whereby the defendant purchased from the Lisle Manufacturing Company an improved boring and drilling machine, certain boring shafting, and other things appurtenant thereto. The defendant filed an answer in the nature of a plea in abatement setting up that if the notes, or any of them, were assigned to the plaintiff by the Lisle Manufac-

turing Company, the plaintiff subsequently thereto and prior to the commencement of this suit had disposed of its interest in each of the notes to other persons, namely, the Lisle Manufacturing Company, and the plaintiff was not at the commencement of this suit and is not now the owner or holder or assignee of said twenty-two notes, or of any part thereof. The plea also alleged that plaintiff was not at the time of the commencement of this suit or at any other time the owner or holder of the chattel mortgage sought to be foreclosed, and that there never had been any transfer from the Lisle Manufacturing Company or from any other person to the Clarinda Trust and Savings Bank. The plea then states, in substance, that the thirty notes as mortgage security were given to the Lisle Manufacturing Company under the terms of a conditional purchase of the boring machine and other apparatus heretofore mentioned, which contract stipulated that all money paid on said machinery, including the twenty-two notes sued upon, would be returned to M. R. Doty, this defendant, if the machinery should not fulfill the warranty of the Lisle Manufacturing Company. The plea then alleged a breach of warranty and a right to have the notes returned, and averred that this suit was brought in the name of plaintiff through collusion with the Lisle Manufacturing Company for the purpose of depriving defendant of his claims, rights, and equities in said matters between him and the Lisle Manufacturing Company; that plaintiff had no real interest in the twenty-two notes sued upon, or in the mortgage security, and that the Lisle Manufacturing Company is the real beneficiary and party in interest. To this plea plaintiff interposed a reply denying every "material" allegation thereof. Thereupon the defendant moved for judgment upon

the pleadings on the theory that the reply was insufficient. When the motion came on for argument plaintiff requested permission to file an amended reply, which was granted by the court, and an amended reply sufficient in form and substance was then filed; defendant's motion for judgment on the pleadings being overruled. Defendant filed a second motion for judgment on the pleadings, which being overruled the case came on for trial, and decree was rendered dismissing defendant's answer in abatement and a judgment for costs was entered therein in favor of plaintiff, from which the defendant appeals.                                                          AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. C. C. Brower.*

For respondent there was a brief over the names of *Mr. E. L. Elliott* and *Mr. William Orr,* with an oral argument by *Mr. Elliott.*

Opinion by MR. CHIEF JUSTICE McBRIDE.

A great many outside and irrelevant matters seem to have been litigated on the trial of defendant's answer in abatement. There was really but one question: Whether there had been such a transfer of the notes as would protect the defendant from a second suit upon them by the Lisle Manufacturing Company, the original holder. What its motive may have been in assigning the notes was not a matter of concern to the defendant.

1-4. If the transfer was actually made without the knowledge on the part of plaintiff of any infirmity in the notes, or of any circumstances indicating the design on the part of the Lisle Manufacturing Company to deal fraudulently with the defendant or to avoid responding to any warranty it had given, the

plea would be unavailable. If they were transferred with notice to it of these facts, these matters could be urged in bar, and there would be no necessity of pleading them in abatement. We think the evidence indicates an actual assignment of these twenty-two notes to the plaintiff herein. Whether such assignment was with or without notice of any equities in favor of the defendant does not cut any figure in the case; that being a matter to be litigated upon a plea in bar and not in abatement, the sole object of which is to protect the defendant from another suit brought by some person who might be the real party in interest. Of course, it goes without saying that the assignment of the notes and the actual, manual transfer of the mortgage carried with them the right in the plaintiff to have the mortgage foreclosed; but the principal questions raised here are technical questions upon the pleadings.

5, 6. It is contended that the original reply to the answer in abatement was insufficient to raise an issue by reason of the fact that it only professed to deny the material allegations of the answer. This contention was well taken, but the court had ample authority under Sections 100, 101 and 102 of the Code to allow an amendment; the reply being a mere imperfect denial and the amendment not introducing any new cause of defense. It was remarked by counsel:

"If amendments to pleadings may be allowed after motion for such judgment is made, then the statute could never be made effective, and would be a nullity and a farce; and it cannot be assumed the legislature intended it to be such."

This would be true if the science of pleading were intended to be a mere game of wits, instead of a means of clearly presenting the issues to the court. Courts

are organized for the purpose of enabling parties to have a fair and orderly trial of their contentions, and to this end they should always be liberal in allowing amendments to pleadings so that every party may have a day in court and not be turned away by reason of a defect in his pleading which can be corrected before trial without detriment to the administration of justice.

7. Questions are raised upon the sufficiency of the verification. There is no motion to strike out the pleading, as required by Section 106, L. O. L., and unless such motion is made the defect on this account is waived.

The judgment of the Circuit Court is affirmed.

AFFIRMED.

Mr. Justice McCamant, Mr. Justice Burnett and Mr. Justice Harris concur; Mr. Justice Benson taking no part in the consideration of this case.