EMERALD LOGGERS RADIO ASSOCIATION *v.*
STATE TAX COMMISSION

Garland D. Hunter, Jr., Eugene, argued the cause for plaintiff.

Alfred B. Thomas, Assistant Attorney General, Salem, argued the cause for defendant.

Decision for plaintiff rendered January 9, 1964.

PETER M. GUNNAR, Judge.

This is a suit to set aside the commission's Opinion and Order numbered VL 63-25, which held plaintiff taxable as a centrally assessed utility under ORS 308.505 et seq. Plaintiff seeks this court's determination that plaintiff is not taxable as a centrally assessed utility or, in the alternative, that it is not taxable at the true cash value determined by the commission.

In its plea in abatement defendant alleges that plaintiff's petition for review heretofore filed before the commission was not properly verified as required by ORS 308.595 and that therefore the commission could not properly hear plaintiff's appeal or issue the order questioned by this suit. The uncontroverted affidavit of C. H. Mack, one of defendant commissioners, and the record in this court, establishes that the plaintiff timely filed its petition before the commission under ORS 308.595; that the commission held a hearing upon that petition; that after the hearing, the commission issued its Opinion and Order denying relief to plaintiff; that almost a month after the issuance of its Opinion and Order the commission dis-

covered that the plaintiff's petition before it had not been verified and withdrew its order; and that eight days later the plaintiff appealed to this court from the order allegedly withdrawn.

The commission contends that failure to verify the petition was jurisdictional and that the commission in its quasi-judicial capacity had no jurisdiction to enter the original Opinion and Order. It relies upon the sentence of ORS 308.595(2) which reads:

> "* * * Unless a petition is so made, verified and filed, it shall not be considered or acted upon by the commission."

The commission's interpretation of this statute raises the verification of a petition before the commission to the dignity of a jurisdictional requirement, giving it far greater importance than is accorded the verification of a complaint in court of law. Such interpretation does not conform to the legislative intent.

■ A petition before the commission performs the office of a complaint before a court. Both establish jurisdiction of the subject matter of the cause. Some defects of a complaint or petition are of sufficient magnitude to defeat the jurisdiction of the court or administrative agency. Other defects do not defeat jurisdiction, though the opposing party is entitled to their correction upon timely objection.

■■ The verification of a complaint or petition falls into the latter category. In an action or suit, a pleading not verified may be stricken upon motion of the adverse party. ORS 16.070(2). Failure to move timely against an unverified pleading constitutes a waiver of the defect. *Clarinda Trust & Savings Bank v. Doty,* 83 Or 214, 163 P 418 (1917). In all statutes governing appeals to administrative agencies the

courts have recognized a legislative intent to promote informality of procedure and to avoid the so-called "technicalities" of the courts. *State ex rel Smith v. Smith,* 197 Or 96, 105, 252 P2d 550 (1953); *Columbia River-Longview Bridge Co. v. Wellington,* 140 Or 413, 418, 13 P2d 1075 (1932). Therefore, at least the same latitude in verification of the pleadings should be allowed before the less formal Tax Commission as would obtain in a court of law.

In proceedings before it under ORS 308.505 et seq., the commission wears two hats—the bowler of the judge and the fedora of the litigant. The purpose of the above quoted sentence of ORS 308.595(2) is to give the commission as litigant the same right to require a petition's verification as a litigant in a court has to require a complaint's verification under ORS 16.070(2). The statutory language does not destroy the commission's power to act but rather directs that it shall not consider or act upon an unverified petition. The purpose of the statute is directive, to protect the commission, as an interested party, from an unverified petition, just as the purpose of ORS 16.070(2) is to protect an opposing litigant from an unverified complaint. In neither case does the defect destroy the jurisdiction of the adjudicatory body. Rather, that body's power to proceed may be suspended until the irregularity is corrected. Whether the pleading need be corrected is in the discretion of the opposing party. The manner of its correction lies in the sound direction of the adjudicatory body and apparently is not subject to review. *Dean v. First Nat'l Bank,* 217 Or 340, 349, 341 P2d 512 (1959).

In this case, the failure of the commission to raise the issue timely, followed by its consideration and action upon the petition, was a waiver of its right as

a litigant to demand verification or, alternatively, an implied quasi-judicial determination that such verification need not be required. In either event, the failure to object, followed by consideration of, and action upon, the petition, disposed of the necessity of verification.

██ The Tax Commission does not have the inherent power to reopen the proceedings after its final determination because unlike a court of general jurisdiction its adjudicatory powers are only those conferred by statute either expressly or by necessary implication. *Crowe v. Albee,* 87 Or 148, 159, 169 P 785 (1918); *Board of Medical Examiners v. Buck,* 192 Or 66, 83, 232 P2d 791 (1951); *Lee, Inc. v. Pac. Tel. & Tel. Co.,* 154 Or 272, 279, 59 P2d 683 (1936). The operative statute does not grant to the commission any power to review its determinations, once they are made, except possibly where it has no jurisdiction of the petition before it. This court has determined that the failure to verify the petition was not jurisdictional and, therefore, the commission had no power to recall the case for review after issuance of its final order. Thus, it had no jurisdiction to withdraw its order and the order of withdrawal is of no force or effect.

This court having denied the plea in abatement and the defendant having refused to plead over, the plaintiff shall submit a judgment upon the pleadings in conformity with this decision under Rule 32.