# IN THE OREGON TAX COURT

## BURNS
*v.*
## DEPARTMENT OF REVENUE
(TC 2069)

Lars S. Granath, Freeman, Jennings & Downing, Gresham, represented plaintiff.

G. F. Bartz, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for plaintiff rendered September 5, 1984.

## SAMUEL B. STEWART, Judge.

Plaintiff filed a complaint on June 18, 1982, alleging that the subject property was, prior to April 24, 1981, under special assessment as farmland. That, effective July 1, 1981, the Multnomah County Assessor's Office cancelled the special assessment as farmland and asserted a penalty of $4,900, which amount plaintiff sought to recover by that suit. The defendant had theretofore issued its Opinion and Order No. VL 82-376, dated April 14, 1982, denying plaintiff relief on the grounds that he had not proved his entitlement thereto by the required preponderance of the evidence.

On October 21, 1982, this court issued an order remanding the matter to defendant because of a number of technical violations and with directions to the defendant for a full hearing and review of the argument that the subject property was and is qualified for special assessment and should not have been changed from that category for the tax year 1981-1982 by the county assessor.

On August 30, 1983, the hearing required by the remand was undertaken by the defendant. In its findings, Opinion and Order No. VL 83-1129 indicated the property at issue was disqualified from special assessment in 1981 after a representative of the Multnomah County Assessor inspected the property and determined that it was no longer in farm use. What this finding was based on is obscure because that representative did not appear at the hearing. The county witness who did appear was a Mr. Alcantara, Certified Appraiser, Multnomah County, who testified "that although he had not physically inspected the subject property he felt from the description of the property provided by the Petitioner, that the property was wasteland on January 1, 1981." Mr. Alcantara's testimony as set forth in the opinion and order is simply incredible. His testimony does not even approach a windshield appraisal, *i.e.,* one made seated in an automobile, and, accordingly, does not, by any stretch of the imagination, meet the requirements of this court's remand order. Nevertheless, the hearing officer, in reliance on the

foregoing, concluded "that the subject property qualified for special assessment as zoned farm land for the tax year 1981-82, and that it should not have been disqualified from such designation."

On September 19, 1983, a letter was written by Michael P. Keller, CAE, Chief Residential Appraiser, Multnomah County, who had appeared on behalf of Multnomah County at the defendant's hearing resulting in Opinion and Order No. VL 82-376, dated April 4, 1982, to Mr. Scott Phinney, defendant's Appeals Supervisor. The letter advised that the subject property was not zoned exclusive farm use but rather multiple use forest—19 acres, MUF-19, and that plaintiff had not filed the requisite application for special assessment. The Keller letter is attached to plaintiff's complaint filed in this court on December 19, 1983, as Exhibit B. Also attached to plaintiff's complaint is defendant's Opinion and Order No. VL 83-1129(A), dated October 25, 1983, which was issued because Opinion and Order No. VL 83-1129 "may be in error as to the classification of the subject land (zoned or unzoned farmland). Opinion and Order No. VL 83-1129 is hereby rescinded."

The foregoing flip-flops by the Department of Revenue are basically attributable to the fact that the legislature created two distinct farmlands—zoned and unzoned. ORS 308.370(1) and (2). Subsection (1) of ORS 308.370 deals with lands zoned exclusive farm use by the several counties pursuant to ORS 215.203. Farm use is defined, including a definition of wasteland (ORS 215.203(2)(a) and (b)(E)) but no application to the county assessor is required. Subsection (2) of ORS 308.370 deals with land not within an exclusive farm use zone but which is being used and has been used for the preceding two years exclusively for farm use as defined in ORS 215.203(2), *supra,* which contains a more restrictive definition of wasteland and requires an annual application (ORS 308.375) by the owner or owners.

At trial the crucial question of the zoning of the subject property was unanswered. After the trial, the parties stipulated that the subject property was zoned MUF-20 SEC from October 1977 until August 1980 and thereafter until the present time it has been zoned MUF-19 SEC. Therefore, the

subject property does not lie within an exclusive farm use zone.

Presumably it was to resolve this matter expeditiously that this court remanded the matter to defendant. Needless to say, this matter has not been expeditiously resolved by the defendant.

It follows that the provisions of ORS 308.370 should have been followed by both the assessor and the plaintiff. It appears from the pleadings that the assessor did so proceed but the plaintiff has chosen, in its complaint filed on December 19, 1983, to attack the rescission by the defendant of its Opinion and Order No. VL 83-1129 and the ex parte communication by Mr. Keller to the defendant's Appeal Supervisor.

■      With reference to the issue of rescission, this court's consistent position has been to construe the language of ORS 305.115(1), "[t]he director * * * shall make the final determination * * *" and "(4) the order shall determine finally * * *" as precluding rescission by defendant of its orders. *Emerald Radio Ass'n v. Commission,* 1 OTR 456 (1964); *Bylund v. Dept. of Rev.,* 7 OTR 357 (1978); and *Hood River Co. v. Dept. of Rev.,* 8 OTR 279 (1980). However ORS 305.115 was amended by the 1977 legislature to add subsection (9) (1977 Or Laws ch 870, § 8). That subsection provides in relevant part that "[i]f within the time for an appeal to the Oregon Tax Court from a department order, the department discovers reason to correct an order issued by it, it may correct the order and issue an amended order within such appeal time."

The legislative tapes of the hearings on Senate Bill 833 have been examined but it is impossible to tell what purpose the Department of Revenue had in recommending the legislation or of the legislature in enacting Senate Bill 833 because of an unfortunate overtaping. Senate Bill 833 consists of a number of amendments. It has long been a rule of statutory construction that by amending a statute the legislature demonstrates an intent to change the pre-existing law and that therefore any material change in language of the original act is presumed to indicate a change in legal rights. *Rieger v. Harrington,* 102 Or 603, 203 P 576 (1922). It follows an amendment substituting a new term or phrase for one previously construed indicates that the judicial or executive

construction of the former term or phrase did not correspond with the legislative intent and a different interpretation should be given the new term or phrase. 1A Sutherland *Statutory Construction* § 22.30 (4th ed 1972). By virtue of the foregoing, it seems clear that this court's construction precluding the defendant from reconsidering or modifying its orders was not acceptable to the legislature presumably because the legislature was made aware of the thrust of court decisions in other jurisdictions permitting reconsideration or modification under certain circumstances by administrative agencies, *e.g.,* 2 Am Jur 2d Administrative Law §§ 524 and 525 (1962).

Nevertheless, the legislature saw fit to limit the exercise by the defendant of the extended powers granted not by specifying the grounds, *i.e.,* fraud, illegality, mistake, etc., but by restricting the exercise by defendant of its expanded powers to acting within the time for an appeal to the Oregon Tax Court from a department order, *i.e.,* 60 days. ORS 305.560(1). Defendant's Opinion and Order No. VL 83-1129, decided for plaintiff, was dated August 30, 1983. That opinion and order was rescinded by Opinion and Order No. VL 83-1129(A) dated October 25, 1983, just within the 60-day limitation. Another limitation the legislature saw fit to impose was that the exercise of the expanded power depended upon whether the department "discovers reasons to correct an order issued by it." There can be little doubt but that Mr. Keller's ex parte communication with defendant resulted in the rescission of Opinion and Order No. VL 83-1129 and the issuance of amended Opinion and Order No. VL 83-1129(A) which actions were prejudicial to plaintiff.

■ A party to a hearing before an administrative agency is entitled to know or confront the witnesses and to know the evidence against him and it is a denial of due process if not accorded. 2 Am Jur2d Administrative Law §§ 418 and 444 (1962). Defendant's administrative rules (OAR) reflect the foregoing in 150-305.115(F), Ex Parte Communications, providing that all parties are to be given notice of the substance of ex parte communications and other parties given an opportunity to rebut.

Despite this administrative rule, based upon the ex parte communication, defendant issued Opinion and Order

No. VL 83-1129(A) stating that "[i]t has come to the attention of the Department of Revenue that Opinion and Order No. VL 83-1129, dated August 30, 1983, may be in error as to the classification of the subject land (zoned or unzoned farmland). *Opinion and Order No. VL 83-1129 is hereby rescinded.*" (Emphasis added.)

The new Opinion and Order (No. VL 83-1129(A)) did state that a new hearing on the issue of the classification of the subject land would be scheduled. However, the first Opinion and Order (No. VL 83-1129) granting plaintiff's appeal was summarily rescinded without plaintiff being afforded an opportunity to rebut the ex parte communication.

As a result of this denial of due process, defendant's Opinion and Order No. VL 83-1129(A) is null and void and defendant's Opinion and Order No. VL 83-1129 finding that the subject property was wasteland on January 1, 1981, is hereby reinstated. The Multnomah County tax roll for the tax year 1981-1982 should be corrected to reflect this finding of special farm use assessment for the subject property. Any excess taxes paid shall be refunded, with interest, pursuant to ORS 311.806 and 311.812.

The determination by this court that the subject property is entitled to special farm-use assessment for the tax year 1981-1982 rests solidly upon the ground that the plaintiff was denied due process at the administrative level and therefore the original Opinion and Order No. VL 83-1129 must be reinstated.

■      Each tax year stands on its own. As stipulated by the parties, the subject property is not within a "farm-use zone." Therefore, for years following the subject tax year, in order to be valued at farm use, plaintiff must have complied with ORS 308.375, making application for special assessment "on or before April 1 of the first year in which such assessment is desired."