Argued July 9, affirmed July 22, 1959

LONGYEAR, Administratrix *v.* EDWARDS

342 P. 2d 762

*Clifford Olsen,* Portland, argued the cause for appel-

lant. With him on the brief were Anderson, Franklin & O'Brien, and James K. Navarra, Portland.

*Roland F. Banks,* Portland, argued the cause for respondent. With him on the brief were Mautz, Souther, Spaulding, Denecke & Kinsey, Portland.

Before McAllister, Chief Justice, and Lusk, Sloan and Millard, Justices.

MILLARD, J. (Pro Tempore).

This is an appeal by plaintiff from an order of the Circuit Court of Lincoln County, denying a motion to vacate an order dismissing an action for wrongful death for want of prosecution.

The only assignment of error relates to the denial of the court of plaintiff's motion to vacate the previous order dismissing plaintiff's case, it being claimed that the court abused its discretion by its refusal, and that plaintiff was entitled to relief pursuant to ORS 18.160.

From the files and the transcript of testimony we glean the following facts: Plaintiff's decedent died October 12, 1949. Thereafter plaintiff, upon being appointed administratrix of his estate, brought this wrongful-death action through her attorney, Robert Mix. The action was at issue and ready for trial in August 1950. In September 1951, after notice to plaintiff and opposing counsel, Robert Mix withdrew as plaintiff's attorney. Immediately plaintiff, upon payment of a substantial fee, retained George C. Reinmiller and associate as her attorneys to prosecute the action, it appearing that Reinmiller was her principal counsel. Neither of her new counsel ever entered their appearance of record or notified the court that they represented the plaintiff. They did, however, remain in touch with plaintiff, it appearing there was

frequent correspondence between them. Nor did such attorneys ever notify plaintiff that they were withdrawing or abandoning the case. Plaintiff continued to make the payments on her bond as administratrix, up to and including June 24, 1956. On January 12, 1953, the court entered an order dismissing the action for want of prosecution, after notice was given, as required by ORS 18.260, to all of the attorneys then of record. Since plaintiff's counsel was not of record, neither plaintiff nor such counsel ever received any notice, nor was one sent them by the clerk.

Other than the resignation of attorney Mix and the dismissal proceedings, it does not appear of record that any action was taken by plaintiff or her counsel to have the case set for trial, nor was anything else done from June 4, 1951 to October 25, 1956, when plaintiff, through new counsel, filed the motion, the denial of which is claimed as error. It further appears that as a result of her own investigation in September 1956, plaintiff, for the first time, became aware that her action had been dismissed.

ORS 18.260 provides, as follows:

"Not less than 60 days prior to the first regular motion day in each calendar year, the clerk of the court shall mail notice to the attorneys of record in each pending case in which no action has been taken for one year immediately prior to the mailing of such notice, that each such case will be dismissed by the court for want of prosecution, unless on or before such first regular motion day application, either oral or written, is made to the court and good cause shown why it should be continued as a pending case. If such application is not made or good cause shown, the court shall dismiss each such case. Nothing contained in this section shall prevent the dismissing at any time,

for want of prosecution, of any suit, action or proceeding upon motion of any party thereto."

It will be noted that the notice referred to is only required to be mailed to attorneys of record, and then only if no action has been taken for one year immediately preceding the mailing thereof. The only attorney of record was so notified. Both plaintiff and her counsel are charged with notice of this statute.

■■ But the power to dismiss a case for want of prosecution is not derived solely from statutory authority, but is inherent in the court.

"Public policy demands that actions be diligently prosecuted. It is a duty of the plaintiffs to prosecute his case with due diligence, and, if he fails in this duty, the consequences are the same as though no action had been begun. For a failure of plaintiff to perform his duty in the respects noted, the action may be dismissed for want of prosecution.

"It is well established by the overwhelming weight of authority that the power of a court to dismiss an action for want of prosecution is an inherent power, and it exists independently of statute or rule of court. 27 CJS, Dismissal and Nonsuit, 232, Sec. 65." *Reed v. First National Bank of Gardiner*, 194 Or 45, 55, 241 P2d 109.

In the case last cited it was held that "Wholly independent of the provisions of the statute of this state hereinabove quoted, the trial court had the inherent power to dismiss the action for want of prosecution." That portion thereof relating to the statute was referring to ORS 18.260. Of course, if the court proceeds on its own motion it must do so with judicial discretion. In view of the fact that the case had been pending since February 3, 1951, and no action had been taken with regard to disposition on the merits

from June 4, 1951 to January 1953, we are unable to say that the court abused its discretion.

Under what circumstances then, may a party have the order dismissing vacated and the case reinstated?

"RELIEF FROM JUDGMENT, DECREE, ORDER OR OTHER PROCEEDING. The court may, in its discretion, and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, decree, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect." ORS 18.160.

Plaintiff claims that she did not receive notice until September 1956 and hence her motion is timely. But has she shown grounds entitling her to relief? The affidavit which she filed and the other evidence adduced in her behalf discloses nothing other than gross neglect on the part of her counsel in prosecuting and attending to her cause. "It is well settled that the negligence of an attorney who acts within the scope of his authority will be imputed to his client." Thornton on Attorneys at Law, Vol. 1, Page 561, Sec. 318. See, also, 5 Am Jur 305, 306, Sec. 78; *Brand v. Baker,* 42 Or 426, 433, 434, 435, 71 P 320.

"Ordinarily a party will not be relieved from a judgment or decree taken against him through the mistake, negligence or inadvertence of his attorney, unless the act or omission of the attorney was such, that had it been committed or omitted by the party himself, he would be entitled to a vacation of the judgment or decree: * * *." *Carlson v. Bankers Discount Corp. et al.,* 107 Or 686, 695, 215 P 986. See, also, *Brand v. Baker,* supra, at page 434.

In the Brand case a judgment had been rendered

against the plaintiff with knowledge of his attorney. Unbeknownst to plaintiff, however, his property was sold on execution sale at an inadequate price. Relief was denied on the theory that the matters complained of were of record, and hence due diligence would have disclosed the situation and the fact that plaintiff relied on the attorney was not a "legal excuse that they did not know of such proceedings."

In the instant case plaintiff and her attorneys were charged with knowledge that inaction for one year could result in a dismissal of the case, and it was incumbent upon her counsel to investigate the record to see what had transpired, and negligence in failing so to do is attributable to plaintiff. It should be pointed out that it was the failure of her counsel to note their appearance of record that resulted in failure of the clerk to mail them a notice of the intended dismissal. Before plaintiff may make advantage of ORS 18.160 she must show that she could not have protected herself by the exercise of reasonable diligence, notwithstanding the statute giving her a year within which to assert her rights. *Carmichael v. Carmichael,* 101 Or 172, 176, 177, 199 P 385. The record discloses a complete lack of diligence on the part of her counsel, which, under the law, is attributable to plaintiff. In addition, the record of dismissal was openly available to both plaintiff and her counsel for over three years before any action was taken. We cannot say, therefore, that plaintiff has cleared herself of want of due diligence. Under such circumstances we cannot say that the trial court abused its discretion in denying plaintiff's motion to vacate its previous order dismissing the case.

Plaintiff has cited various authorities to the ef-

fect that when an attorney abandons or withdraws from a case without authority, a diligent party is entitled to have an adverse order resulting therefrom set aside. Subject to statutory limitations, we agree with this contention, but it has no application here. There is nothing in this case to indicate any abandonment or withdrawal on the part of plaintiff's counsel. On the contrary, the record reveals considerable correspondence between plaintiff and her counsel, indicating a continuing interest in the case. Plaintiff, in effect, argues that even so, her counsel were hired to be diligent and they were grossly negligent and that such negligence constituted an abandonment in fact. In effect, plaintiff, whether she realizes or not, is arguing that if her attorneys are only slightly negligent, then such negligence may be attributed to her, but if counsel are grossly negligent, then she is not bound thereby. Under such reasoning a party could always excuse themselves by attributing failure to prosecute to their own counsel. We deem this reasoning fallacious.

■ Further, defendant is without fault insofar as we are concerned, with regard to prompt action in bringing the case to trial. Where defendant does not seek affirmative relief, he has only a duty to take such steps as may be required in order to meet the action taken by plaintiff, but "beyond this he may remain passive." *Bock v. Portland Gas & Coke Co.,* 202 Or 609, 614, 277 P2d 758. In such a case "Injury is presumed from unreasonable delay." *Bock v. Portland Gas & Coke Co.,* supra, at page 616. Further than that, injury has occurred in fact. One of defendant's material witnesses has passed away. Other than that it appears that the witnesses have scattered and may be difficult to locate. It has been almost ten years since the incident occurred which caused

these proceedings to be instituted. It is to be assumed that the memory of what exactly occurred, to some extent, may be obscured by the lapse of time. It may well be that it is now impossible to determine the truth.

From the conclusions reached, it follows that the decision of the court below in refusing to vacate the order of dismissal must be affirmed.