Argued December 2, 1970, affirmed March 3, petition for
rehearing denied March 30, 1971

EBEL ET AL, *Appellants, v.* BOLY ET AL,
*Respondents.*

481 P2d 620

*William J. Masters*, Portland, argued the cause and filed a brief for appellants.

*James A. Luebke* and *George M. Joseph*, Portland, argued the cause for respondents. On the brief were George M. Joseph, Thomas S. Moore, and Morrison & Bailey, Portland.

Before O'CONNELL, Chief Justice, and McALLISTER, HOLMAN, and HOWELL, Justices.

HOLMAN, J.

Plaintiffs brought an action to recover money allegedly paid for unregistered securities sold in violation of the Oregon Securities Law. The action was dismissed for lack of prosecution and the motion of plaintiffs to set aside the order of dismissal was denied. Plaintiffs purport to appeal from the order of dismissal as well as from the order denying their motion to set aside the order of dismissal and to reinstate the case.

On February 8, 1968, plaintiffs filed their case. On July 23, 1968, the case was at issue as to some defendants but not as to all of them. On that date, pursuant to Multnomah County Court Rule 4.00 (1),[1] the court sent plaintiffs' attorney a notice that the

---

[1] Rule 4.00 (1): "Where for any reason the case is not at issue, when according to its numerical order it should go up on the list of cases at issue, the parties or attorneys for the respective parties shall be notified in writing by the Presiding Judge that the case is not at issue."

case was not at issue. Pursuant to Rule 4.00 (2),[2] the court, on September 11, 1968, sent plaintiffs' attorney a notice to appear for a hearing on September 25, 1968, relating to the status of the case. Neither the plaintiffs nor their attorney appeared at that hearing; but, nevertheless, an order was entered October 2, 1968, and a copy of it mailed to plaintiffs' attorney, continuing the case on the active list until October 25, 1968, and giving plaintiffs until that time to bring the case to issue. No action was taken by plaintiffs prior to October 25, 1968, and the case was dismissed for want of prosecution on November 13, 1968, in accordance with Rule 4.00 (3),[3] and a copy of the order of dismissal was mailed to plaintiffs' lawyer. On January 28, 1970, 14½ months later, plaintiffs filed their motion to set aside the order of dismissal and to reinstate the case.

Plaintiffs contend the court erred in denying their motion. ORS 18.160 provides as follows:

"The court may, in its discretion, and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, decree, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect."

---

[2] Rule 4.00 (2): "If such case is not put at issue within 30 days from the date of mailing of the notice provided in paragraph (1) of this Rule the matter shall be set down for special hearing before the Presiding Judge or some other Judge of the General Trial Department designated by him. If at the time of the hearing the case is not at issue, the Judge conducting the hearing may dismiss the case for want of prosecution or may fix a period during which the case shall be brought to issue and shall be tried as an alternative to dismissal for want of prosecution."

[3] Rule 4.00 (3): "A case being considered for dismissal for want of prosecution shall be continued as a pending case only on the condition that the order then entered in the case be complied with within the period set by the court, and if such is not done, the case shall be dismissed without further notice."

We believe the statute was intended to be the exclusive remedy under the circumstances existing here. In an effort to bring themselves within the purview of the statute, plaintiffs filed affidavits to the effect that they, individually, did not know of the dismissal until after January 22, 1970, when their present attorney was first able to secure the file from their former attorney after the latter was disqualified to practice law; that within a year after the dismissal they had attempted unsuccessfully to get their attorney to resign so that they could secure their file and have another attorney represent them; and that their former attorney's illness, which was caused by factors beyond his control, kept him from seeing that their case was not dismissed.

Defendants contend that plaintiffs cannot qualify for relief under the statute because the proceeding was not commenced within one year after plaintiffs' attorney received notice of the dismissal. In addition, defendants claim the default was taken as the result of the negligence of plaintiffs' attorney and that this negligence is attributable to plaintiffs who cannot, therefore, show excusable neglect.

■ The first issue is the extent to which plaintiffs are chargeable with notice given to their attorney and the extent of their responsibility for his seeming negligence. This issue is decided by *Longyear, Adm'x. v. Edwards*, 217 Or 314, 342 P2d 762 (1959). *Longyear* was a case in which plaintiff changed counsel and the new counsel did not make an appearance of record. Notice of imminent dismissal was given pursuant to ORS 18.260, because no action had been taken in the past year. The notice was sent to the attorney who had been replaced rather than to plaintiff's new at-

torney. Three years later plaintiff first discovered that her attorney had made no appearance in her case and had allowed it to be dismissed. We held that the negligence of her attorney in allowing her case to be dismissed was her negligence, and, therefore, she could not qualify to have the dismissal set aside under ORS 18.160. The court quoted with approval the following language from *Carlson v. Bankers Discount Corp. et al*, 107 Or 686, 695, 215 P 986 (1923):

> "Ordinarily a party will not be relieved from a judgment or decree taken against him through the mistake, negligence or inadvertence of his attorney, unless the act or omission of the attorney was such, that had it been committed or omitted by the party himself, he would be entitled to a vacation of the judgment or decree: * * *." 217 Or at 319.

The court also said in *Longyear*:

> "In the instant case plaintiff and her attorneys were charged with knowledge that inaction for one year could result in a dismissal of the case, and it was incumbent upon her counsel to investigate the record to see what had transpired, and negligence in failing so to do is attributable to plaintiff. * * * The record discloses a complete lack of diligence on the part of her counsel, which, under the law, is attributable to plaintiff * * *." 217 Or at 320.

Plaintiffs attempt to excuse the neglect of their attorney and, thus, of themselves by the statement in their affidavits that the illness of their attorney, which was caused by factors beyond his control, kept him from seeing that their case was not dismissed. Plaintiffs are careful not to mention in the affidavits the nature of the attorney's illness, and their statement that such illness was beyond the attorney's control is pure conclusion. The burden to prove excusable neglect

is upon plaintiffs, and they have not carried their burden inasmuch as they have offered no substantial proof from which the court could conclude that their attorney's obvious neglect was excusable.

Notice to their attorney was notice to plaintiffs. The attorney's negligence and neglect were their negligence and neglect. Not only was the present proceeding not filed within a year from the time plaintiffs were notified through their attorney of the dismissal, but, also, plaintiffs have failed to show that his and, thus, their neglect was excusable. We realize that the rule which makes a litigant responsible for the negligence of his attorney and which binds him by notice given to his attorney may have harsh results. However, it would be almost impossible to conduct the courts' business on any other basis.

Plaintiffs also contend that the court abused its discretion in dismissing their action on the ground of want of prosecution. No claim is made that the order of dismissal was void. Plaintiffs cannot, now, question the propriety of the court's order of dismissal, since it determined the action so as to prevent a judgment in conformance with ORS 19.010 (1), (2) (a)[④] and, therefore, was an appealable order. The time for appeal had elapsed long before the commencement of the present proceeding. We do not believe that the order

[④] ORS 19.010:

"(1) A judgment or decree may be reviewed on appeal as prescribed in this chapter.

"(2) For the purpose of being reviewed on appeal the following shall be deemed a judgment or decree:

"(a) An order affecting a substantial right, and which in effect determines the action or suit so as to prevent a judgment or decree therein."

of dismissal was an intermediate order as contemplated by the provisions of ORS 19.140.[9]

In any event, it is apparent from the facts that there was no abuse of discretion on the part of the trial court in dismissing the cause for want of prosecution. A trial court must have control over its docket or it cannot expeditiously administer justice.

The judgment of the trial court is affirmed.

---

[9] ORS 19.140: "Upon an appeal, the appellate court may review any intermediate order involving the merits or necessarily affecting the judgment or decree appealed from; and when it reverses or modifies such judgment or decree, may direct complete restitution of all property and rights lost thereby."