Argued March 1, affirmed March 28, reconsideration denied May 5, petition for review allowed June 21, 1977

SEKERMESTROVICH, *Appellant,*
*v.*
STATE ACCIDENT INSURANCE FUND,
*Respondent.*
(No. 30524, CA 7243)
561 P2d 1043

S. David Eves, Corvallis, argued the cause for appellant. With him on the brief was Ringo, Walton & Eves, P.C.

Kevin L. Mannix, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Tanzer and Richardson, Judges.

TANZER, J.

**TANZER, J.**

The issue in this workmen's compensation case is whether claimant's reliance upon her attorney to file a timely request for a hearing following denial of her compensation claim constitutes good cause, under ORS 656.319,[1] for delay in filing that request.

The State Accident Insurance Fund notified claimant on June 25, 1974, that her claim was denied and advised her that she could request a hearing but that failure to do so within 60 days would foreclose her right to object to the denial. Claimant read the notice of her hearing rights. Within four days thereafter she consulted an attorney and indicated to him her objection to the letter of denial. During the next five months, claimant maintained regular correspondence with her attorney but she was unaware that he had failed to file a request for a hearing. When, on December 11, 1974, she learned of this failure, she consulted another attorney who immediately filed a request for a hearing on her behalf.

A hearings referee found that claimant had shown good cause for her failure to request a hearing within 60 days. The Workmen's Compensation Board reversed the referee's finding, holding that claimant was chargeable with her first attorney's negligence. The circuit court affirmed the Board's order and this appeal followed.

■ The Board's determination as to whether good cause has been shown is entitled to deference. We have previously held that, in making a similar determina-

---

[1] ORS 656.319(1) provides:

"(1) With respect to objection by a claimant to denial of a claim for compensation under ORS 656.262, a hearing thereon shall not be granted and the claim shall not be enforceable unless:

(a) A request for hearing is filed not later than the 60th day after the claimant was notified of the denial; or

(b) The request is filed not later than the 180th day after notification of denial and the claimant establishes at a hearing that there was good cause for failure to file the request by the 60th day after notification of denial."

tion under a similar statute, the Employment Appeals Board operates within a range of discretion "at least commensurate with that of a circuit court in passing on a motion to be relieved from default." *Brooks v. Employment Division,* 24 Or App 547, 550, 546 P2d 760 (1976). In this context, the discretion of the Workmen's Compensation Board is equally broad.

Here, it was within reason for the Board to conclude that claimant is not relieved of all responsibility for the prosecution of her claim merely because she has retained an attorney. A lawyer acts as an agent of the client. Accordingly, the client is chargeable with the lawyer's negligence. We therefore hold that, at least absent additional factors affecting claimant's capacity to conduct her own affairs, the Board was justified in refusing to find good cause. *See Fulop v. Oregonian Pub. Co.,* 10 Or App 1, 498 P2d 801 (1972).

Affirmed.