Argued September 9, affirmed December 28, 1977

SEKERMESTROVICH, *Petitioner,*
*v.*
STATE ACCIDENT INSURANCE FUND,
*Respondent.*
(CA 7243, SC 25313)
573 P2d 275

S. David Eves, of Ringo, Walton & Eves, P.C., Corvallis, argued the cause and filed briefs for petitioner.

Kevin L. Mannix, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

HOWELL, J.

Lent, J., dissenting opinion.

**HOWELL, J.**

This is a workers' compensation claim on review in this court from the Court of Appeals, 28 Or App 901, 561 P2d 1043 (1977). The sole issue before us is whether or not Mrs. Sekermestrovich complied with ORS 656.319(1)(b), which requires a claimant who fails to file a request for a hearing within 60 days after denial of her claim to make a showing of good cause to be able to file thereafter.

Ida May Sekermestrovich filed a claim with the State Accident Insurance Fund and was notified on June 25, 1974, that her claim was denied. She immediately contacted an attorney to help her prosecute her claim. On December 11, 1974, Mrs. Sekermestrovich, dissatisfied with her attorney's service, contacted a second attorney, whereupon she learned that her first attorney had not filed the necessary request for a hearing. Her new attorney filed the request for a hearing on December 13, 1974.

The time for filing a request for a hearing is regulated by ORS 656.319, which provides, in part:

"(1) With respect to objection by a claimant to denial of a claim for compensation under ORS 656.262, a hearing thereon shall not be granted and the claim shall not be enforceable unless:

"(a) A request for hearing is filed not later than the 60th day after the claimant was notified of the denial; or

"(b) The request is filed not later than the 180th day after notification of denial and the claimant establishes at a hearing that there was good cause for failure to file the request by the 60th day after notification of denial."

Mrs. Sekermestrovich did not file within the 60-day period in subsection (a), but did file within the 180-day period in subsection (b). The hearings officer found that Mrs. Sekermestrovich had shown good cause under ORS 656.319(1)(b) and found for her on the merits of her claim. The Workmen's Compensation Board denied compensation after de novo review of the record on the ground that claimant had not shown

good cause under the statute. The Board did not reach the merits. The circuit court and the Court of Appeals each affirmed on the basis of a lack of good cause under the statute. The precise issue presented here is whether Mrs. Sekermestrovich's reliance on her first attorney constitutes good cause within the meaning of the statute when the attorney failed to file the necessary request for a hearing.

This court has never addressed the question of what is or what is not good cause for failure to file a request for a hearing under ORS 656.319(1)(b). The Court of Appeals has found good cause to include a claimant's fear of losing his job if he filed, *Riddel v. Sears, Roebuck & Co.,* 8 Or App 438, 494 P2d 901 (1972), and the failure of the agency to send the notice to the correct address, *Burkholder v. SAIF,* 11 Or App 334, 502 P2d 1394 (1972). Whether or not the ordinary negligence of a party's attorney constitutes good cause has not been addressed before.

SAIF, the respondent, argues that ORS 656.319(1)(b) is similar in purpose and structure to ORS 18.160, allowing a motion to set aside a judgment in a civil case, and that the two statutes should be similarly construed.

ORS 18.160 provides:

"The court may, in its discretion, and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, decree, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect."

The respondent states, and claimant concedes, that we have repeatedly held that the negligence of an attorney is not excusable neglect under ORS 18.160 unless the attorney's reason for failure to file would be excusable had it been attributed to the party. *Brand v. Baker,* 42 Or 426, 434, 71 P 320 (1903). *See Carlson v. Bankers Discount Corp. et al,* 107 Or 686, 215 P 986 (1923); *Longyear, Admx. v. Edwards,* 217 Or 314, 342 P2d 762 (1959). Respondent further argues that there

is no reason to establish a different rule for workers' compensation cases.

Claimant argues that there are valid reasons for distinguishing those civil cases and applying a different rule for compensation cases. Claimant points out that such a rule would undermine several of the basic policies of the workers' compensation system. She argues that the system was created to provide for quick, inexpensive decisions before an administrative agency with expertise in the area, and that an adverse decision here would limit her remedy to a civil action against her first attorney and that such an action is neither quick nor inexpensive. It would also require a decision on the merits of her claim outside the mechanism of the Workers' Compensation Board. Further, claimant argues that a major policy of the Act is to provide recovery for industrial disabilities without forcing the claimant to make a showing of someone else's fault and that affirming the Court of Appeals would force her to make a showing of fault by her attorney, contrary to that policy.

We do not feel that these arguments are of sufficient weight to justify one rule in civil cases and another in workers' compensation cases. Thus, our position in the cases construing ORS 18.160 is dispositive of the controversy. We therefore conclude that the failure of one's attorney to file the request for a hearing does not constitute good cause under ORS 656.319(1)(b) unless the attorney's reason for failing to file would be good cause if attributed to the claimant.[1]

Affirmed.

[1] We note that in its opinion in this case the Court of Appeals stated: "The Board's determination as to whether good cause has been shown is entitled to deference." Both parties concede that such deference is inappropriate under ORS 656.298(6) which requires the Court of Appeals to review workers' compensation cases "on the entire record forwarded by the board," which we have interpreted to mean de novo review. *Surratt v. Gunderson Bros.,* 259 Or 65, 485 P2d 4 (1971). While this deference was error, it does not require reversal and remand because the basis of the Court of Appeals' decision was that, as a matter of law, Mrs. Sekermestrovich is bound by the negligence of her attorney.

**LENT, J.,** dissenting.

This is a worker's compensation case arising out of the State Accident Insurance Fund's denial of the claim.

The Fund notified claimant on June 25, 1974, that her claim was denied and, pursuant to the statute, gave notice to her that if dissatisfied she could request a hearing, but that failure to do so within 60 days would result in the loss of her right to object to the denial. Claimant read the notice of her right to request a hearing, and within four days thereafter she consulted an attorney, indicating to him her objection to the letter of denial.[1] ORS 656.283(2) provides that a request for hearing may be made on behalf of the claimant by her attorney.

During the next five months claimant and her attorney communicated with each other regularly by both telephone and mail. The attorney failed to file a request for hearing within the 60-day period. On September 5, 1974, he wrote to the Fund, enclosing medical reports from two treating doctors and stating that he did not file a request for hearing within the 60-day period because he had "just now received" the letter from one of the doctors. Although he did not specificially request a hearing, he requested of the Fund "your consideration in this matter on behalf of Mrs. Sekermestrovich." Apparently, following this letter, the attorney and the Fund engaged in some settlement negotiations, and on November 8, 1974, the

---

[1] ORS 656.319(1) provides:

"(1)  With respect to objection by a claimant to denial of a claim for compensation under ORS 656.262, a hearing thereon shall not be granted and the claim shall not be enforceable unless:

"(a)  A request for hearing is filed not later than the 60th day after the claimant was notified of the denial; or

"(b)  The request is filed not later than the 180th day after notification of denial and the claimant establishes at a hearing that there was good cause for failure to file the request by the 60th day after notification of denial."

Actually, at the time of claimant's injury the substance of this language was found in ORS 656.319(2)(a). The law was amended to its present form in 1975.

attorney communicated by letter to the claimant an offer by the Fund to settle the matter for $500. She inquired of the attorney whether this meant the Fund was accepting liability and whether the Fund would pay her medical expenses. By letter dated December 5, 1974, the attorney wrote to her advising that if she accepted the settlement offer that "would close the claim and would be final."

The claimant then had some conversation with the attorney, in which she became dissatisfied with his advice or reluctance to give advice as to whether she should settle for $500 and obtained the attorney's permission to pick up her file to consult another attorney. On December 11, 1974, she brought her file to her present lawyers, who discovered that no request for hearing had yet been filed, and through them claimant first learned that such was the case. Through her new lawyers she forthwith filed a request for hearing, accompanied by an affidavit swearing in pertinent part:

> "* * * Upon receipt of this notice of denial, I contacted an attorney in Philomath to represent my interests relative to the above-entitled claim and assumed that the matter would be processed in an orderly fashion before the Workmen's Compensation Board. It was only on today's date, December 11, 1974, that I discovered that a request for hearing had not been filed.

> "I believe that my claim is valid and that hearing should be held upon the merits."

Upon hearing, the referee found that claimant had shown good cause upon the foregoing facts for her failure to request a hearing within 60 days. The Workmen's Compensation Board reversed, holding "that claimant is chargeable with her attorney's negligence in not timely filing a request for a hearing on the denial; her reliance upon him does not establish good cause for failure to file within 60 days."[2] The Board stated, in support of its decision, that "[t]he

---

[2]The Board found this decision mooted the issue of compensability.

*procedural* requirements of the Workmen's Compensation Law are to be strictly construed. *Gerber v. SIAC,* 146 [sic] Or 353." (Board's emphasis).

Claimant appealed to the circuit court, which affirmed the Board, and then to the Court of Appeals, which affirmed.[3] We granted claimant's petition for review, and I would reverse.

The Fund contends, and the majority of this court agrees, that "good cause" as used in ORS 656.319(1)(b) (text set forth in footnote 1 of this dissent) must be construed as are the words "mistake, inadvertence, surprise or excusable neglect" contained in ORS 18.160,[4] a statute allowing a court "in its discretion" to set aside a judgment or decree in a civil case. Moving from that premise, the majority points out that this court has "repeatedly held" that an attorney's negligence is not "excusable neglect under ORS 18.160 unless the attorney's reason for failure to file would be excusable had it been attributed to the party."

Three cases are cited in support of that proposition. *Brand v. Baker,* 42 Or 426, 434, 71 P 320 (1903), and *Carlson v. Bankers Discount Corp. et al.,* 107 Or 686, 215 P 986 (1923) (citing *Brand* as authority) both

---

[3] As appears in footnote 1 of the majority opinion, the Court of Appeals stated that the Board's determination upon the issue of good cause "is entitled to deference." I agree with the parties and the majority that such deference is inappropriate in light of that court's responsibility to review de novo. *See* ORS 656.298(6) and 656.301(1); *Surratt v. Gunderson Bros.,* 259 Or 65, 485 P2d 410 (1971); *Hannan v. Good Samaritan Hosp.,* 4 Or App 178, 184, 471 P2d 831, 476 P2d 931 (1970). Furthermore, it appears to me that the Court of Appeals failed to make any independent decision. Instead, the Court found that the Board had decisional discretion under the facts, that its conclusion was within reason and that, consequently, its decision should not be disturbed. Rather than remand to the Court of Appeals, however, I would observe that, in practical effect, its decision was that as a matter of law upon undisputed facts the claimant was barred by the negligence of her first attorney.

[4] ORS 18.160 provides:

"The court may, in its discretion, and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, decree, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect."

expressly qualify the proposition by saying that *"ordinarily"* (emphasis added) relief will not be granted under ORS 18.160 in such circumstances. The third case, *Longyear, Admx. v. Edwards,* 217 Or 314, 319, 342 P2d 762 (1959) cites *Brand* and quotes from *Carlson,* the quotation containing the modifier "[o]rdinarily." This would appear to be recognition in all three cases and in the majority opinion in this case that the proposition is not, and need not be, inflexible.

*Longyear,* also, quotes Thornton on Attorneys at Law, Vol. 1, page 561, Section 318:

> "It is well settled that the negligence of an attorney who acts within the scope of his authority will be imputed to his client."

Perusal of the remainder of Section 318 discloses that Thornton recognizes that the proposition is subject to exception. *Longyear* cites 5 Am Jur 305, 306, Section 78, as additional support for the proposition adopted in the quotation from Section 318. A reading of Section 78 discloses that its author understands that the courts have recognized exceptions to the general rule:

> "* * * The courts will not *usually* relieve a party against the fault or negligence of his attorney, unless it is an extreme case where a clear failure of justice would otherwise result, particularly if the client is also negligent where, by diligence, he might have avoided the consequences of his attorney's negligence. * * *" (Emphasis added.)

The author further states that there are "many cases" in which the general proposition has not been applied.

The majority recognizes that this is a case of "ordinary negligence" of the attorney. The reliance on *Longyear* appears somewhat strange, therefore, because in that case this court specifically found "gross neglect" on the part of the attorney.[5]

---

[5] *Ebel v. Boly,* 258 Or 308, 313, 481 P2d 620 (1971) (not cited by the majority) contained language that might appear on its face to permit of no flexibility in cases arising under ORS 18.160. The decision cites *Longyear, Admx. v. Edwards,* 217 Or 314, 319, 342 P2d 762, 765 (1959), the gross

I believe it is fair to conclude that even under ORS 18.160 a rule as inflexible as that adopted by the majority to bar this claim is neither mandated by earlier authorities nor absolutely necessary to the scheme of either ORS 18.160 or the Workmen's Compensation Law.

When the party seeking relief under ORS 18.160 is sought to be charged with the defaulting conduct of an agent or representative other than the party's attorney, we have been wary of depriving a party of his day in court. We accomplish this by saying that whether to grant relief is in the first instance a subject for the exercise of discretion by the trial court, and that we shall not reverse except for abuse of that discretion.

Review of some of our most recent cases illustrates the point. In *Wagar v. Prudential Ins. Co.,* 276 Or 827, 556 P2d 658 (1976), a default judgment had been taken against the defendant in these circumstances. On November 4, 1975, defendant's agent for the service of process in Oregon was personally served with summons and complaint. On the same day he mailed the summons and complaint to defendant's *law department* in Los Angeles for assignment to the defendant's defense trial counsel in Oregon. The summons and complaint were sent by ordinary mail, and defendant contended that this mail was never delivered in Los Angeles. Plaintiff took her default judgment on December 1, 1975. On December 9, 1975, the defendant's claim division in Los Angeles received a copy of the judgment from the plaintiff's attorney. Defendant's law department telephoned defendant's

---

neglect case, as being controlling, however, and the situation in which relief was denied in *Ebel* was one where 14½ months elapsed between the entry of judgment and the motion to be relieved. There was no showing that plaintiffs had remained in regular communication with their attorney, as constrasted with Mrs. Sekermestrovich's conduct. It is clear, also, from the *Ebel* opinion that this court believed the affidavits of the parties seeking relief concealed more than they showed as to the excusability of their attorney's neglect. I observe, incidentally, that the *Ebel* court notes with approval that *Longyear* "quoted with approval" the language from *Carlson v. Bankers Discount Corp., et al,* 107 Or 686, 215 P 986 (1923) (cited by the majority in this case) that "*Ordinarily* a party will not be relieved * * *." (Emphasis added).

Oregon trial counsel, and on December 26, 1975, defendant filed a motion under ORS 18.160. In denying the defendant's motion for relief, the trial court found that the loss of the complaint was a result of "negligence of the most extreme nature" and "inexcusable" because of the mailing of the summons and complaint by ordinary first class mail without registering or having some sort of followup procedure. This court relieved the defendant insurance company by holding the trial court abused its discretion.

In *Bella v. Aurora Air, Inc.,* 279 Or 13, 566 P2d 489 (1977), when defendant was served with summons and complaint, he forwarded them to his liability insurance broker in California, who in turn forwarded them to the insurance carrier in Tennessee. Prior to the insurance carrier referral to trial counsel in Oregon, the time for appearing had expired and plaintiff took a default judgment. The trial court relieved the defendants from the consequences of their reliance on their insurance company to defend them. This court held that such action by the trial judge was not an abuse of his discretion, even though it is the named defendants who are summoned to appear and not an insurance company which has contracted to afford them a defense.

In *Hiatt v. Congoleum Industries,* 279 Or 569, 569 P2d 567 (1977), the plaintiff had duly served the defendant and, pursuant to the appropriate statute, had sent certified copies of summons and complaint to defendant's office in New Jersey by certified mail. The mail was received and signed for by an employe of defendant on November 14, 1973. The defendant made no appearance and did not ask for any extension of time within which to appear. In September of 1974 plaintiff took his order of default. On February 19, 1976, approximately 27 months after service of summons and complaint, defendant filed a motion to set aside the default judgment. The mailroom employe testified that he had no recollection whatsoever concerning the receipt of the document, and other

employes, including an employe of the legal department, testified that no defendant's employe had any knowledge of the lawsuit until shortly before its motion was filed. This court reversed the trial court, holding that the trial court had abused its discretion and that "excusable neglect" had been established as a matter of law under these facts.

It appears to me that Mrs. Sekermestrovich's conduct in this case and her reliance on her agent is at least as excusable, if not more so, as that of the defendants in those three cases. It is difficult for me to understand why the negligence of the agent bars the party from a trial on the merits when her agent is an attorney but does not bar a trial on the merits when the carelessness of people experienced in handling claims for insurance companies is not a bar. Furthermore, in the latter instance, the principal must have in most instances a better remedy against her negligent agent than does Mrs. Sekermestrovich in this case.

The Board's reliance on *Gerber v. State Ind. Acc. Com.,* 164 Or 353, 101 P2d 416 (1940), is misplaced. The Workmen's Compensation Law at that time provided that a claimant who was "aggrieved" by an order or award of the Commission had to file an application for rehearing with the Commission, which had several alternatives, such as denial of the application, reopening the claim, etc. In any event, once the claimant had exhausted his administrative remedy by the application for rehearing procedure and the Commission had entered and mailed its "final Order" upon the application, the claimant could appeal to the circuit court within 30 days. The 30-day period was *jurisdictional.* Gerber failed timely to appeal, and the circuit court, therefore, had no jurisdiction of his claim.

That procedure is to be contrasted with the statutory scheme of the Workmen's Compensation Law. In 1965 the legislature made a sweeping revision of our Workmen's Compensation Law. The amended statutes

[ 734 ]

provided that an injured workman was to give immediate notice of his accident to his employer "by not later than 30 days after the accident." There was a savings clause, however, which provided that if the workman failed to give notice within 30 days, his claim might still be accepted if the notice was given within one year after the date of the accident and the workman established in a hearing that he had good cause for failure to give notice within 30 days of the accident. Another section of the 1965 revision required the workman to request a hearing within 60 days after he was notified of denial of his claim if he desired to object to the denial. There was no parallel "savings" clause to this requirement. In 1969, because of court construction of the 60-day period as being jurisdictional, the legislature passed the present provision, which allows the request for hearing to be made after 60 days but within 180 days if the workman establishes good cause at a hearing for failure to file within the 60 days. Obviously the Board, in reversing the hearing referee in this case on the basis of *Gerber,* failed to understand not only the intent of the 1969 amendment but the words thereof.

Next I turn to the fact that ORS 18.160 and ORS 656.319 are not parallel either in language or in purpose. As pointed out earlier, ORS 18.160 exists to provide a vehicle for a party to obtain relief from a judgment, decree or order taken against him through his "mistake, inadvertence, surprise or excusable neglect." Although this statute is equally applicable to plaintiffs whose complaints have been dismissed and to defendants against whom some affirmative relief has been obtained, it appears that the majority of our cases construing and interpreting that section of the code arise out of motions filed by defendants who claim affirmative relief has been obtained against them by reason of the conduct described in the statute. There is no reason to believe that the legislature meant to equate "good cause" as used in ORS 656.319 with the specific kinds of conduct described in ORS

18.160. It is logical to infer that in passing the ameliorative amendment of 1969 the legislature did not mean to limit good cause to only those specific kinds of conduct described in ORS 18.160. Furthermore, the 1969 amendment can be construed for the benefit of Mrs. Sekermestrovich in a situation in which there was no mistake, inadvertence, surprise or excusable neglect on her part personally. Rather, she did, I submit, what any ordinarily careful and prudent person would have done in those circumstances. She placed her claim in the hands of an attorney approved by this court to represent others in their legal affairs.

I believe there is one more point which deserves mention. This is not a situation in which a third party injured by the attorney's negligence, acting within the scope of his authority for his client, is bringing a claim against the client on a vicarious liability basis. The situation in which Mrs. Sekermestrovich finds herself is more akin to that in which a third party seeks to defeat her claim upon the basis of imputed contributory negligence. In *Johnson v. L.A.-Seattle Mtr. Exp., Inc.,* 222 Or 377, 352 P2d 1091 (1960), this court, in abandoning the rule of *White v. Keller et ux,* 188 Or 378, 215 P2d 986 (1950), held that an owner of an automobile who at the time of the collision was asleep in the back seat of her car was not exercising any control over the driver of her vehicle and, therefore, the negligence of the driver was not to be imputed to the owner-passenger to bar her claim against another motorist involved in the collision. The court there stated:

> "* * * But the right of control as a convenient ground for imposing liability on an innocent owner is not equally cogent when employed to deprive an innocent owner of a remedy against a third party tortfeasor merely because such a rule has the structural balance of reciprocity * * *." 222 Or 385.

*See also Dickson v. Hollinger,* 257 Or 89, 476 P2d 557 (1970).

The majority opinion does exactly what was condemned in *Johnson*. The effect is to deprive an innocent person, guilty of no personal negligence, of her remedy against the Fund under the Workmen's Compensation Law. It really is no answer to say that she has a substitute remedy by way of an action for damages against her first attorney. It is true that if she brings an action against her first attorney and proves her "case within the case" that she suffered a compensable injury, she will be entitled to have damages set by the trier of fact in a common law court. Forcing her to pursue this remedy deprives her of the benefits of the Workmen's Compensation Law, a system created to provide for quick, inexpensive decisions before an administrative agency. It will be difficult for her to carry the burden of proof with respect to all items of damage she may have suffered as a result of the attorney's negligence. For instance, what evidence will serve as a basis for the court to instruct and the jury to find damages for deprivation of her five-year right to reopen her claim for aggravation of her condition not caused by an independent intervening injury? How is she to be compensated for the fact that under the Workmen's Compensation Law there is jurisdiction in the Board for the rest of her life to reopen her claim should that be proper? Whatever damages are fixed will be reduced by the fees of her attorneys who prosecute the malpractice claim against the original attorney. On the other hand, were she to proceed under the Workmen's Compensation Law and be successful in setting aside the denial, the Fund would have to pay her reasonable attorney fees.

I would apply the words of the statute, as did the hearings referee, who implicitly found that Mrs. Sekermestrovich was not personally responsible for the failure to file within 60 days, that she did what would be ordinarily expected of her when she placed the matter in the hands of an attorney, and that she established "at a hearing that there was good cause for failure to file the request by the 60th day." I would

reverse for the matter to be remanded to the Board to determine the compensability of the claim on its merits.

I, therefore, respectfully dissent.

TONGUE, J., joins in this dissent.