CHRISTIAN, *Appellant,*

*v.*

STATE ACCIDENT INSURANCE FUND,

*Respondent.*

(No. 10,958, CA 8004)

573 P2d 763

Milo Pope, Milton-Freewater, argued the cause for appellant.

Kevin L. Mannix, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, W. Michael Gillette, Solicitor General, and Glenda L. Green, Certified Law Student, Salem.

Before Schwab, Chief Judge, and Thornton and Tanzer, Judges.

TANZER, J.

**TANZER, J.**

The issue in this case is whether claimant has shown good cause for his failure to request a hearing within 60 days after the insurer's denial of his claim, as required by ORS 656.319(1), which provides:

"With respect to objection by a claimant to denial of a claim for compensation under ORS 656.262, a hearing thereon shall not be granted and the claim shall not be enforceable unless:

"(a) A request for hearing is filed not later than the 60th day after the claimant was notified of the denial; or

"(b) The request is filed not later than the 180th day after notification of denial and the claimant establishes at a hearing that there was good cause for failure to file the request by the 60th day after notification of denial."

By letter of March 3, 1975, to the claimant, the State Accident Insurance Fund denied claimant's application to reopen his claim for an industrial injury and advised him of his right to request a hearing by the Workmen's Compensation Board. The letter informed him in plain terms that such a request must be in writing and received by the Board within 60 days of the mailing of the letter.

The deadline for the request was May 2. Claimant sent a written request for a hearing to the Fund which received it on May 6. The Fund forwarded it to the hearings division of the Board which received it on May 9.

During the 60-day period, the claimant spoke to three or four lawyers who declined to represent him. His present counsel was not retained until after claimant had mailed his request and the 60-day period had passed. The hearings officer and the Board held that claimant's unsuccessful efforts to retain counsel during the 60-day period constitute good cause for failure to file a timely request for hearing. The circuit court reversed and claimant appeals.

Claimant did not show a cause and effect relationship between his efforts to retain counsel and the

untimeliness of his letter. To the contrary, the claimant knew that it was his obligation to file a timely request whether or not he had retained an attorney. Indeed, his letter of request states:

> "I am willing to represent myself at a hearing which I hope to have."

We therefore conclude as a matter of law on this record that claimant's difficulty retaining counsel had no contributing effect to the untimeliness of the request. There is no other reason for the delay asserted.

The Supreme Court held in *Sekermestrovich v. SAIF,* 280 Or 723, 573 P2d 275 (1977), that ORS 656.319(1)(b) is to be construed comparably to ORS 18.160[1] which regulates relief from default in civil cases. The claimant has not shown "excusable neglect" which would entitle him to relief under that statute. Therefore we hold that the inability to retain counsel within the 60-day period did not constitute good cause for failure to file a timely request.

Affirmed.

---

[1] ORS 18.160 provides:

"The Court may, in its discretion, and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, decree, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect."