CARLISLE B. ROBERTS, Judge.
 

 Hood River County appealed from the defendant Department of Revenue’s Order No. VL 79-48A, dated April 23, 1979, contesting the property values established by the Department of Revenue for intervenor’s Mt. Hood Meadows Ski Resort for the tax years 1972-1973 to 1977-1978, inclusive. The Department of Revenue made no appearance herein but the intervenor, Mt. Hood Meadows, Oreg., Ltd., filed an amended complaint in intervention, listing as its first cause of suit the question of jurisdiction (failure of plaintiff to file its complaint in this court within 60 days after issuance of the department’s order as required by ORS 305.560(1)) and, as a second cause, the approval of the true cash value of the subject property as determined by the defendant’s deputy director for the tax years 1972-1973 to 1977-1978, inclusive.
 

 Trial of the question of jurisdiction was heard on December 20, 1979.
 

 
 *[281]
 
 The legal question presented is a common one, but some of the facts necessary to the legal conclusion are so unusual that, for greater clarity, the court has chosen to set out a chronological narrative.
 

 The intervenor, Mt. Hood Meadows, Oreg., Ltd., (hereinafter referred to as Mt. Hood) leases the site of the Mt. Hood Meadows Ski Resort from the U. S. Forest Service and has improved the property by constructing ski lifts, parking areas and the buildings necessary to the business of a ski resort. Mt. Hood appealed to the Hood River County Board of Equalization from the assessed values placed upon the subject property by the county assessor for the six consecutive assessment dates, January 1, 1972, through January 1, 1977, and from the orders of the county board of equalization to the defendant, the Department of Revenue.
 

 The department’s hearing began on November 26, 1976, and was continued on September 7, 1977. At the request of the respondent, Hood River County, the Attorney General assigned, as counsel for the county, Alfred B. Thomas, an assistant attorney general who, for many years, has been associated with the Tax Division of the Department of Justice and has participated in many property tax cases. Richard T. Ligón, County Counsel for Hood River County, also participated, but left the employ of the county before the department’s Order No. VL 78-48 was issued.
 

 Apparently, a lengthy study of the testimony ensued. This is indicated by the date of issuance (February 7, 1979) of the department’s Opinion and Order No. VL 79-48. It may be explained by the number of tax years and the intricacies of the problems involved.
 
 [1]
 

 In his opinion, the Deputy Director of the Department of Revenue compared and adjudicated specific
 
 *[282]
 
 conflicting positions of the individual appraisers who testified on behalf of the petitioner, Mt. Hood (Mr. Kane), and the respondent, Hood River County (Mr. Kenney), as follows:
 

 1. Mr. Kane’s upward adjustment to gross income to account for anticipated future economic growth of the facility was approved, "in accord with petitioner’s estimates set out on Exhibits 1 and 3.”
 

 2. The experts disagreed on the amount of annual expenses deductible in the use of the income approach to value. Mr. Kenney assigned operating expense ratios of 62 percent for the years 1972 through 1975 and 64 percent for the years 1976 and 1977. Mr. Kane used the same expense data as Mr. Kenney but "stabilized” expense estimates at 72 percent for 1972 and 1973, 70 percent for each of the years 1974, 1975 and 1976, and 72.3 percent for 1977. The deputy director found Mr. Kane’s conclusions to be better supported and adopted them.
 

 3. The principal area of dispute between Mr. Kane and Mr. Kenney was the selection of the appropriate rate of capitalization. (As is well known, even slight variations in the rate can cause dramatic swings in the valuation result.) After study, the deputy director approved the work of Mr. Kenney (described in detail on pp 7-9 of the opinion, VL 79-48).
 

 The deputy director then concluded:
 

 "Having considered the entire record together with the exhibits incorporated therein, the hearing officer finds, and I agree, that the true cash values for the subject property must be set in accord with the valuation method advanced by Mr. Kenney, except for the modifications to gross income and operating expenses as hereinabove determined.
 
 Within 30 days after issuance of this order, respondent
 
 [Hood River County]
 
 shall forward to petitioner
 
 [Mt. Hood Meadows, Oreg., Ltd.]
 
 its computations pursuant to the findings set out above.
 
 If the parties agree on the result determined, respondent must then proceed to refund any overpaid tax, with
 
 *[283]
 
 interest, pursuant to ORS 311.806 and 311.812. If the parties are unable to agree, petitioner must file and serve a computation believed to be in accord with the decision herein. The hearing officer may then require written or oral argument to aid him in resolving the disputed computation.” (Emphasis supplied.)
 

 Following the date and signature of the deputy director, the department’s stock form of notice of the statutory time for appeal was appended to the order. It reads:
 

 "Note: If you are dissatisfied with this decision, you may appeal it to the Oregon Tax Court within 60 days of the date of mailing shown above. ORS 305.560.”
 

 It is also important to note that ORS 305.115(1) requires that the Director of the Department of Revenue or his chief deputy (ORS 305.065 and 305.115) "shall make the
 
 final
 
 determinations on all petitions and appeals which are to be written into orders subject to appeal to a court of law * * *” (emphasis supplied), and that ORS 305.115(4) further provides:
 

 "(4) * * * Subject to judicial review by the Oregon Tax Court and the Supreme Court, the order shall
 
 determine finally
 
 all the questions of law and fact arising in the appeal under the tax laws of the State of Oregon. * * * The order is
 
 binding
 
 upon the taxpayer, all county officers and all other persons affected thereby until reversed or modified upon review by the Oregon Tax Court.” (Emphasis supplied.)
 

 If the county had carried out the department’s order, as it was lawfully bound to do
 
 (State ex rel. v. Smith et al,
 
 197 Or 96, 109, 252 P2d 550, 556 (1953)), much anquish would have been avoided. But it did not do so. Thirty days passed without the overt action required to meet the reasonable deadline imposed on the county by Order No. VL 79-48 (which would have been Friday, March 9, 1979). After waiting another 26 days, until April 4, 1979 (shortly before time for appeal expired), Mt. Hood, the taxpayer-intervenor, filed a complaint in the Oregon Tax Court on April 5,1979, entitled "Mt. Hood Meadows, Oreg., Ltd. v. Depart
 
 *[284]
 
 ment of Revenue,” initiating Tax Court No. 1320. This filing was made within the 60-day period required by ORS 305.560(1).
 

 Mt. Hood’s complaint alleged:
 

 "V. To date, computations have not been made [by Hood River County], filed and served upon Plaintiff as provided by defendant’s Opinion and Order [No. VL 79-48].”
 

 The complaint then prayed for an order of the court, requiring defendant, forthwith, to make or cause to be made the computations required by its opinion and order.
 

 The testimony reveals that after the copy of the complaint in No. 1320 was served on the Department of Revenue, Mr. Thomas obtained from Mr. Kenney, the county’s expert witness (who had been "loaned” to the county by the Department of Revenue), three pages of calculations, prepared in accordance with the department’s Order No. VL 79-48. Mr. Thomas then mailed a copy to Mr. Hiefield, counsel for Mt. Hood Meadows, who received them on April 6, 1979, and turned them over to Mr. Kane, the taxpayer’s controller. Then, on April 20, 1979, Mr. Thomas filed an answer in No. 1320, as counsel for the department, denying plaintiff’s paragraph V, putting plaintiff to the proof of its allegation that Hood River County had failed to carry out the department’s order. It further appears that, upon receipt of the department’s pleading, Mr. Hiefield assured Mr. Thomas that Mr. Ken-ney’s calculations accorded with Mt. Hood’s understanding of Order No. VL 79-48 and were acceptable to Mt. Hood. Thereupon, the department took an unusual step. Over the signature of its deputy director, under date of April 23, 1979, it issued "Opinion and Order No. VL 79-48A” (emphasis supplied), using the caption in Order No. VL 79-48 and utilizing Mr. Kenney’s computations, as follows:
 

 "WHEREAS the Department, in its Order # VL 79-48, found that the true cash value of Mt. Hood
 
 *[285]
 
 Meadows Ski Resort must be set in accord with the valuation method advanced by respondent’s witness except for certain modifications to gross income and operating expenses as detailed in the order; and
 

 "Respondent was directed to serve upon petitioner its
 
 mathematical computations
 
 [emphasis supplied] giving effect of the findings set out in the order; and
 

 "Petitioner having agreed that the respondent’s calculations properly reflect and incorporate the Department’s findings, the true cash value of the Mt. Hood Meadows Ski Resort must be set as follows: [the computations set out in intervenor’s Amended Complaint in the present suit, 2,3].
 

 "IT IS HEREBY ORDERED that the Assessor and Tax Collector of Hood River County take such steps as are necessary to amend the assessment and tax rolls in conformance with this decision. If petitioner has paid taxes in excess of those required by the rolls, as amended, the excess, with statutory interest thereon, shall be remitted to Petitioner by the Board of Commissioners of Hood River County pursuant to ORS 311.806 and 311.812.
 

 "IT IS SO ORDERED.”
 

 It should be noted that this document also contained the stock paragraph or "note” (quoted
 
 supra),
 
 ordinarily used by the Department of Revenue in its orders, calling attention to the 60-day limitation on an appeal to the Oregon Tax Court.
 

 Following the issuance of Order No. VL 79-48A on April 23, 1979, Messrs. Hiefield and Thomas, on May 2, 1979, filed a "Stipulated Order of Dismissal” of Tax Court No. 1320, which was executed by the court on that day and the file was closed.
 

 It would seem that this should have settled the question of true cash value for the years involved in Order No. VL 79-48; however, on June 19, 1979, Hood River County, utilizing new counsel, filed a complaint in this court (Tax Court No. 1336) and sought to appeal from the department’s Order No. VL 79-48N, contending that the true cash values of the subject property as
 
 *[286]
 
 of the assessment dates in question should be substantially increased over the amounts approved by the deputy director for the department.
 

 On July 5, 1979, inexplicably, the Department of Revenue, now represented by Mr. Thomas as counsel, filed an answer in No. 1336,
 
 in effect confessingjudgment
 
 and praying the court to find the true cash value of the property to be as alleged by the plaintiff county in this suit! On the same day, a copy of the complaint was served by mail upon the taxpayer, Mt. Hood Meadows, and was received by the taxpayer on July 9, 1979.
 

 On August 3, 1979, Mt. Hood filed a motion to appear as intervenor in the suit and on August 7,1979, it filed its complaint in intervention. On the same day, it filed the intervenor’s demurrer to the plaintiff’s complaint, based on the question of jurisdiction. On August 9, 1979, the plaintiff county filed a memorandum in opposition to the demurrer. Hearing on the intervenor’s demurrer was held on August 15, 1979. The demurrer was first sustained by the court but was subsequently denied on the showing of plaintiff’s counsel that lack of jurisdiction was not patently revealed in the pleadings, requiring an affirmative allegation. Intervenor was allowed time to plead over and has done so.
 

 The question now before the court is whether the complaint of Hood River County in the present case (No. 1336) was timely filed under the provisions of ORS 305.560(1) which provide for such filing "within 60 days after a copy of the order or notice of the order has been served * * If the time is measured from the date of the department’s Order No. VL 79-48, the objection to jurisdiction must be sustained; if the time is measured from the date of mailing of Order No. VL 79-48A, the objection must be overruled and the suit tried on the merits.
 

 
 *[287]
 
 The explicit legislative intent of ORS 305.015, 305.115(1) and (4) and ORS 305.275(4) required the Deputy Director of the Department of Revenue to make a final determination of the true cash value of the subject property in his original order, No. VL 79-48. In the opinion of the court, Order No. VL 79-48 was a final order, intended and expected to fulfill the duties of the department with respect to Mt. Hood’s plea. All that remained to be done to the order was arithmetical in nature, the factors for which were specified in the order and were clearly within the purview of Hood River County, its assessor, sheriff and commissioners. (The county had been represented by Assistant Attorney General Thomas and Mr. Ligón, its county counsel, throughout the hearings and is bound by their action or inaction until the county released them as counsel.)
 

 Perhaps it would have been wiser to have issued an order complete within itself.
 
 [2]
 
 However, the department issued an
 
 order
 
 which, on its face, was intended to be final,
 
 [3]
 
 and which this court deems final, as stated above. The court’s conclusion that the specifications in the order were understandable by the parties to the appeal (through their counsel and expert witnesses) was confirmed by the testimony of the expert, Mr. Kenney, who made the recomputation which was approved and accepted by the taxpayer. Mr. Kenney’s calculations were just what the deputy director sought.
 

 
 *[288]
 
 The county failed to carry out its ministerial duty under VL 79-48 within the required 30 days. (The county’s present counsel, Mr. Byers, contended that, practically, only Mr. Thomas and Mr. Kenney could easily have made the recomputation; he appeared to overlook the fact that these individuals
 
 represented the county and Mr. Thomas, as counsel, bound it.
 

 [4]
 

 The court suggests that Mr. Kane was equally capable, but the duty was placed on
 
 the county.)
 

 The department, as an administrative agency, had exhausted its jurisdiction to set values for the subject property for the assessment dates involved when it issued Order No. VL 79-48. No discretion was left to be exercised by it and it has no inherent power to change statutory procedures.
 
 [5]
 
 It cannot grant a rehearing and it did not attempt to do so.
 
 [6]
 
 If Hood River County had desired to appeal, it had 60 days after February 7, 1979, in which to act, ORS 305.560(1), and it had a counsel who had a duty to represent his client zealously.
 
 [7]
 
 Order No. VL 79-48A did not change VL 79-48’s legal conclusion; it did not add anything to Order No. VL 79-48; it is essentially repetitive and implemental of Order No. VL 79-48. The director intended no change or amendment, only
 
 *[289]
 
 the computation of the specific figures which were set out in VL 79-48A. The director could not have intended VL 79-48A as a method of
 
 enforcing
 
 VL 79-48; he would have had to utilize ORS 306.220 for that purpose.
 
 [8]
 

 The stock paragraph regularly used by the department as a "note” following the director’s signature, reminding the parties of the 60-day limitation on an appeal to the Tax Court, was added to Order No. VL 79-48A. It had no place there and can be attributed to a mechanical use of instructions designed for the typical order; it was surplusage, considering the nature of this unique "order.”
 

 The court concludes that the date of issuance of "Order No. VL 79-48A” could not have added to the 60-day period of limitations prescribed by ORS 305.560(1) for filing an appeal to the Oregon Tax Court. There is no lawful possibility of "tacking on.” Furthermore, after the years of effort involved and the issuance of a final order by the director, under the facts found,
 
 [9]
 
 the continuation of this suit would offend "traditional notions of fair play and substantial justice.”
 
 [10]
 

 
 *[290]
 
 Accordingly, the intervenor’s objection to jurisdiction must be sustained and, since it follows that the Tax Court does not have jurisdiction to try the appeal from Order No. VL 79-48A on the merits, Hood River County’s complaint in case No. 1336 should be dismissed. Now, therefore,
 

 IT IS ORDERED that the plaintiff’s complaint should be and hereby is dismissed, with prejudice.
 

 [1]
 

 See R. L. K. and Company v. Commission,
 
 2 OTR 368 (1966),
 
 R. L. K. & Co. v. Commission,
 
 3 OTR 304 (1968),
 
 Mt. Bachelor, Inc. etal. v. Dept. of Rev.,
 
 5 OTR 526 (1974), and
 
 Mt. Hood Meadows Oreg., Ltd. v. Dept. of Rev.,
 
 5 OTR 542 (1974).
 

 [2]
 

 The Department of Revenue has promulgated no rule equivalent to the Tax Court’s Rule 26, relating to computations. If it had such a rule, it would probably differentiate between its "opinion” and its "order,” withholding its order until the computation had been completed. (This court withholds issuance of its decree until the requirements of the decision have been met with reference to computations required by the decision.)
 

 [3]
 

 The court so concludes, based on the caption, the page descriptions, the use of the words "this order” and "the decision” found on page 9 of Order No. VL 79-48, and language of the pertinent statutes. The court takes notice that the department, for many years, has used the words "order” and "decision” interchangeably.
 

 [4]
 

 Sekermestrovich u. SAIF,
 
 28 Or App 901, 561 P2d 1043; aff’d 280 Or 723, 573 P2d 275 (1977).
 

 [5]
 

 Bylund v. Dept. of Rev.,
 
 7 OTR 357, 373 (1978).
 

 [6]
 

 The defendant’s predecessor, the Oregon State Tax Commission, had the power to grant the taxpayer a rehearing, following a "hearing. ORS 306.540” (1959 Replacement Part). This statutory authority was repealed in Or Laws 1961, ch 533, § 57, the statute which created the Oregon Tax Court.
 

 [7]
 

 See
 
 Code of Professional Responsibility, Canon 7.
 

 At the trial of December 20, 1979, in this court, Mr. Thomas was not clear whether he represented the county merely through the issuance of Order No. VL 79-48 or through VL 79-48A. He admitted that he had discussed with Mr. T. W. de Looze, his chief counsel, which of the two orders was "final” and that Mr. de Looze "indicated that the first order was final * * In the court’s opinion, the counsel had a duty (Mr. Ligón having left the county’s employment) affirmatively to act to advise the county on its appeal rights, including the applicable statute of limitations. Canon 6.
 

 [8]
 

 Testimony was adduced that the hearing officer (Mr. Kalberg), Mr. Thomas and Mr. Kenney did not approve the deputy director’s opinion. This is irrelevant, although it may explain some of the failures of communication (as the court views the case).
 

 The court can give no legal effect to the department’s "confession-of-judgment” answer in the pleadings in this case. Its use by Mr. Thomas, in Tax Court No. 1336, after the stipulated dismissal of Tax Court No. 1320, cannot be reconciled.
 

 [9]
 

 The court recommends that the occasional practice of "loaning” assistant attorneys general to the counties, in cases where the Department of Revenue is closely involved, be reviewed, in light of this decision.
 

 [10]
 

 The quoted words are deemed fully appropriate but are taken out of context from another case on jurisdiction with a substantially different background.
 
 See Milliken v. Meyer,
 
 311 US 457, 463, 61 S Ct 339, 343, 85 L Ed 278, 283, 132 ALR 1357, 1361 (1940). While the present case is factually different from
 
 Far West Landscaping v. Modern Merchandising,
 
 287 Or 653, 601 P2d 1237 (1979), cited by intervenor, the doctrine in
 
 Far West is
 
 apropos.