# IN THE OREGON TAX COURT

Gerald R. ROTHENFLUCH
and Terry W. Emmert
*v.*
DEPARTMENT OF REVENUE
(TC 2819)

Wade V. Regier, Gary M. Bullock, P.C., Portland, represented plaintiff.

Marilyn Harbur, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision part for plaintiffs and part for defendant rendered January 3, 1990.

**CARL N. BYERS, Judge.**

Clackamas County corrected the tax rolls for omitted property for the years 1981-82, 1982-83 and 1983-84. Plaintiffs petitioned defendant for relief from such action. Defendant dismissed plaintiffs' petition and plaintiffs appeal.

Plaintiff Gerald Rothenfluch (Gerald) and his brother, Dean Rothenfluch (Dean), purchased the subject land in the name of D & G Enterprises in 1977. In 1980, an office building and two 2-bedroom duplexes were built on the property. A second office building was constructed the following year. In 1985, Dean conveyed his undivided one-half interest in all the property to Terry Emmert (Terry).

In performing a physical reappraisal in 1986, the assessor discovered that the duplexes were not on the assessment and tax roll. The assessor's office issued a show cause notice to plaintiffs on February 18, 1986. Plaintiffs were to show why the duplexes should not be added to the assessment and tax rolls as omitted property for tax years 1981-82 through 1985-86. The deadline to respond was March 10, 1986. Plaintiffs admit the notice of intent was mailed to the correct address. Plaintiffs made no appearance at the show cause hearing.

On March 28, 1986, the assessor corrected the assessment and tax rolls by adding the value of the duplexes for five years (1981-82 through 1985-86).

According to testimony, plaintiffs and their attorney went to the assessor's office to protest the assessment. The assessor's chief appraiser was called to the counter to talk with plaintiffs. Plaintiffs asserted the property was overassessed and requested the value be reduced. The county appraiser testified that plaintiffs were not concerned with appeal rights at this meeting.

Later, there was a second meeting in the assessor's conference room. The county appraiser stated that information pamphlets were given plaintiffs. He testified it was common practice to give printed information to taxpayers but not legal advice, especially since plaintiffs were accompanied by counsel.

Gerald testified he was amazed at the proposed increase in assessed value and in April 1986 he called the assessor's office. Some "girl" advised him to appeal to the board of equalization. He stated the printed information given him at the second meeting concerned only appeals to the board of equalization. The record shows plaintiffs appealed to the board of equalization on May 23, 1986.

■  Plaintiffs' petition to the board of equalization requested relief for "the 1981-86 assessment year." Plaintiffs were represented by counsel at the hearing. The jurisdiction of a board of equalization is limited to the current year's assessment roll (ORS 309.060, 309.080). Accordingly, the board issued an order reducing the value for only the 1986-87 tax year.

■  Plaintiffs' appealed the board of equalization order to the Department of Revenue. The department held it could consider only the current assessment and the two preceding years. ORS 306.115. It dismissed plaintiffs' appeals for 1981-82, 1982-83 and 1983-84 for lack of jurisdiction.

Plaintiffs now appeal this dismissal. Plaintiffs claim they were given incorrect information by agents of the county, acted upon it to their detriment and, therefore, estoppel exists. In the alternative, plaintiffs claim that Terry qualifies as a bona fide purchaser and is not liable for the omitted property assessment. ORS 311.405(5).

*Estoppel*

There is no question that plaintiffs were confused. It is apparent that plaintiffs confused the issue of true cash value with the issue of omitted property. Otherwise, they would not have appealed to the board of equalization. The question this court must decide is whether the county caused plaintiffs' confusion.

Gerald claims that he was misled in two instances. First, he telephoned the assessor's office and explained his "problem." He was referred to a female employee who told him the proper procedure was to appeal to the board of equalization. Gerald did not know the employee's name and kept no notes concerning the telephone call. In the second instance, Gerald claims that the county employee, Mr. Billups, gave him

forms to appeal to the board of equalization. Mr. Billups testified to the contrary.

In weighing testimony, particularly conflicting testimony, the court considers the circumstances of the parties. Gerald admits that he had no prior experience with property tax or property tax appeals. He testified that he did not know the Department of Revenue even existed. In these circumstances, it is easy for a person to be confused even by correct information. On the other hand, employees in the assessor's office deal with questions as to appeals on a daily basis.

The prime weakness of plaintiffs' position is that the court has no way to know the exact questions plaintiffs' asked. The omitted property notice clearly informed plaintiffs that:

> "If, after contact with the Assessor's Office, you disagree, any appeal should be made to the Department of Revenue pursuant to ORS 311.211."

Having been given this information in writing, the question plaintiffs should have asked the county employees is: "How do we appeal to the Department of Revenue?" If Gerald asked how to appeal from an increase in assessed value, he asked the wrong question.

After reviewing all of the evidence, the court finds no estoppel. The criteria for estoppel is: (1) misleading conduct on the part of an official, (2) reliance in good faith, and (3) resulting injury. *Liquid Air Inc. v. Dept. of Rev.,* 8 OTR 159 (1979). "The policy of efficient and effective tax collection makes the doctrine of rare application" and is "only [to] be applied when there is proof positive" of misinformation. *Johnson v. Tax Commission,* 248 Or 460, 463, 435 P2d 302 (1967). Plaintiffs' claim of estoppel is not supported by "proof positive." To the contrary, the most positive proof is the notice which correctly stated that appeals were to the Department of Revenue.

*Bona Fide Purchaser*

ORS 311.405(5) states:

> "[N]o taxes shall become a lien on real or personal property under this subsection where the property was transferred to a bona fide purchaser after the assessment date for such prior calendar year and prior to the lien date provided for hereunder."

■ The essential elements which constitute a bona fide purchaser are: (1) a valuable consideration, (2) the absence of notice, and (3) the presence of good faith. *United States v. Winona & St. Peter R. Co.*, 165 US 463, 17 S Ct 368, 41 L Ed 789 (1897); *United States v. California & Oregon Land Co.*, 148 US 31, 13 S Ct 458, 37 L Ed 354 (1893).

Terry purchased Dean's half interest in the subject property in January 1985. A title policy was received showing taxes paid in full for tax year 1984-85. Terry reimbursed Dean for those months prepaid at the time of closing. The reappraisal resulting in the omitted property notice was done January 1986. The omitted property was not added to the tax rolls until March 1986, well over a year after Terry's purchase of the subject property. Defendant's allegation that Terry had "constructive notice" of the omitted property because he was the builder of the second office building is without merit. The original owners, Dean and Gerald, were not aware of the omission until they received the notice regarding it in 1986. Defendant offered no evidence that would support finding Terry was not a bona fide purchaser. The court finds that Terry was a bona fide purchaser.

Defendant correctly points out that the grounds on which it accepted jurisdiction, ORS 306.115(3)(a)(B), are narrow. Defendant argues that those grounds do not allow the court to consider Terry's bona fide purchaser claim on the merits. The court disagrees. Defendant's opinion and order made a determination of Terry's status. Terry is entitled to contest that determination on appeal to this court. Also, if the department had correctly determined Terry's status, it could have taken jurisdiction under ORS 306.115(3)(a)(C)[1] and ruled on the merits of Terry's claim.

The court does acknowledge that action by the department under ORS 306.115(3)(a)(C) is discretionary. Accordingly, this issue must be remanded to the department. The department shall take such action under ORS

[1] ORS 306.115(3)(a)(C) states:

"The department discovers other reason to correct the roll which, in its discretion, it deems necessary to conform the roll to applicable law without regard to any failure to exercise a right of appeal."

306.115(3)(a)(C) as it deems appropriate in light of Terry's bona fide purchaser status.

Based on the foregoing analysis, the court affirms that part of defendant's Opinion and Order Nos. 86-4171, 86-4172 and 86-4173 dismissing plaintiffs' claim for tax years 1981-82, 1982-83 and 1983-84. That part relating to Terry's bona fide purchaser claim is set aside and such claim shall be remanded to the department for further action consistent with this opinion.

Costs to neither party.