Argued and submitted January 23, the judgment of the tax court vacated and remanded with instructions to dismiss complaint August 8, 1991

## Gerald R. ROTHENFLUCH
### and Terry W. Emmert,
*Appellants/Cross-Respondents,*

*v.*

## DEPARTMENT OF REVENUE,
*Respondent/Cross-Appellant.*

## (OTC 2819; SC S37030)

815 P2d 695

Wade V. Regier, of Bullock and Regier, P.C., Portland, argued the cause and filed the briefs for appellants/cross-respondents.

Marilyn J. Harbur, Assistant Attorney General, Salem, argued the cause for respondent/cross-appellant. With her on the briefs was Dave Frohnmayer, Attorney General, Salem.

GRABER, J.

## GRABER, J.

In this property tax case, the Oregon Tax Court held that the Department of Revenue (department) lacked jurisdiction to decide taxpayers' appeal for tax years 1981-82, 1982-83, and 1983-84, and that the case should be remanded to the department for reconsideration as to tax years 1984-85, 1985-86, and 1986-87. We review *de novo.* ORS 305.445; ORS 19.125. Because taxpayers appealed to the tax court from a preliminary ruling of the department, rather than from its final order, we vacate the judgment of the tax court and remand the case with instructions to dismiss.

Taxpayer Rothenfluch and his brother bought the subject land in 1977, in the name of D & G Enterprises, a partnership. In 1980, an office building and two duplexes were built on the land. A second office building was constructed the following year. In 1985, Rothenfluch's brother conveyed his undivided one-half interest in the property to taxpayer Emmert.

While performing a physical appraisal[1] in 1986, the assessor discovered that the duplexes had been omitted from the assessment and tax roll. The assessor's office issued a notice to taxpayers to show cause why the duplexes should not be added as omitted property for tax years 1981-82 through 1985-86. Taxpayers did not respond and did not appear at the show-cause hearing.

On March 28, 1986, the assessor corrected the assessment and tax rolls by adding the value of the duplexes for tax years 1981-82 through 1985-86. Taxpayers asserted that the new assessed value was too high, but they did not appeal to the board of equalization until May 23, 1986. The reason for their delay is in dispute. After a hearing, the board of equalization issued an order reducing the value of the property for the then-current tax year, 1986-87, but not for

---

[1] ORS 308.234 provides for appraisal of each parcel of real property at least once every six years. ORS 308.233 describes how "a physical appraisal of property for ad valorem property taxation" is to be made and states the purpose "to achieve equality and uniformity in assessed values between properties that are physically appraised and those that are not physically appraised, but subject to trending or indexing for the particular assessment year."

any of the five years concerning which taxpayers had appealed.[2]

Taxpayers appealed the order of the board of equalization to the department. On the basis of ORS 306.115(3)(a), the department concluded that it had statutory authority to consider only the current assessment and the two tax years immediately preceding it.[3] On September 22, 1988, the department issued a "preliminary ruling," stating that it lacked jurisdiction over taxpayers' claims that their property was overvalued in tax years 1981-82, 1982-83, and 1983-84. The department proposed to hold a hearing on the merits of taxpayers' claims for the later tax years. The preliminary ruling expressly provided that it was not appealable to the tax court:

> "[U]nder the provisions of ORS 305.115, this preliminary ruling is issued in order that a hearing may be conducted on the merits for tax years 1984-85 through 1986-87. The appeal for the 1981-82, 1982-83, and 1983-84 tax years will be dismissed.
>
> "This merits hearing will be scheduled in the near future by the Appeals Section. At the conclusion of that hearing process, an opinion and order will be issued resolving all issues raised in this appeal.
>
> "* * * * *

---

[2] The authority of the board of equalization is limited to the current assessment year. ORS 309.060 provides:

"On May 1, the county assessor shall present the current assessment roll to the board."

ORS 309.080 provides:

"After April 30, if it appears to the board that there are lands or lots or other property assessed twice, or incorrectly assessed as to description or quantity, and in the name of a person or persons not the owner, or valued under or beyond its true cash value as required by ORS 308.232, the board shall order proper corrections of the current assessment roll. If it appears to the board that lands, lots or other property assessable by the assessor are not assessed, the board shall order the assessment of the property based on its true cash value, are required by ORS 308.232."

[3] ORS 306.115(3)(a) provides:

"The department may order a change or correction applicable to a separate assessment of property to the assessment or tax roll for the current assessment year and for either of the two assessment years immediately preceding the current assessment year if [certain enumerated criteria are] applicable[.]"

"Notice: This is a preliminary ruling issued pursuant to OAR 150-305.115-(D). It is not appealable to the Oregon Tax Court. A final, appealable order will be issued when all questions raised by this appeal have been resolved. ORS 305.115(4)."[4]

Thereafter, taxpayers, the department, and Clackamas County agreed by written stipulation on a reduced value for the property for tax years 1984-85 and following.

On February 6, 1989, taxpayers filed a complaint[5] in the tax court, seeking relief from the omitted property tax assessment for tax years 1981-82, 1982-83, and 1983-84. The complaint referred to the department's preliminary ruling as the "order" from which the appeal was taken and attached a copy of the preliminary ruling. The tax court held a hearing. Thereafter, the tax court issued an opinion that, among other things, affirmed the department's conclusion that it lacked jurisdiction over taxpayers' claim for tax years 1981-82, 1982-83, and 1983-84. *Rothenfluch v. Dept. of Rev.*, 11 OTR 322 (1990).

Taxpayers appeal, and the department cross-appeals. We do not consider the merits of the parties' appeals, however, because the tax court should have dismissed this proceeding.

---

[4] ORS 305.115(4) provides in part:

"The department shall prepare and file an order on each appeal, granting or denying relief or taking such action as considered appropriate. * * * Subject to judicial review by the Oregon Tax Court and the Supreme Court, the order shall determine finally all the questions of law and fact arising in the appeal under the tax laws of the State of Oregon. * * * The order is binding upon the taxpayer, all county officers and all other persons affected thereby until reversed or modified upon review by the Oregon Tax Court."

OAR 150-305.115(D) provides in part:

"The Department may issue preliminary rulings. These preliminary rulings may be used when the appeal may involve two issues, and the decision on one issue must be made before the second issue can be considered.

"* * * * *

"* * * A final Opinion and Order resolving all questions raised will then be issued."

[5] An appeal to the tax court from an order of the department is taken by filing a complaint. ORS 305.560(1). *See also* ORS 305.425(2) (appeal from department to tax court is "an original proceeding in the nature of a suit in equity to set aside [the department's] order or determination").

ORS 305.100 authorizes the department to make rules to regulate its own procedures. Pursuant to that authority, the department promulgated OAR 150-305.115-(D)(1). That rule, set out above, in note 4, allows the department to issue preliminary rulings when an appeal involves two issues, and the decision on one issue must be made before the second issue can be considered. The rule provides that the department will then issue "[a] final Opinion and Order resolving all questions raised" after considering the remainder of the case. Thus, OAR 150-305.115(D)(1) provides for preliminary rulings that are not final, appealable orders. *See also Hood River County v. Dept. of Rev.*, 8 OTR 279, 287 (1980) (department is required to issue final orders).

ORS 305.560(1) provides in part:

> "Except for an order, or portion thereof, denying the discretionary waiver of penalty or interest by the department, an appeal *from an order* of the department * * * may be taken by filing an original and one certified copy of a complaint with the clerk of the Oregon Tax Court * * *. A copy of the order of the department shall be attached to the original complaint." (Emphasis added.)

*See also* ORS 305.115(4) (department "shall prepare and file an order on each appeal, granting or denying relief or taking such action as considered appropriate"). The pertinent statutes thus require an "order" of the department, which grants or denies relief or takes other action, to permit an appeal to the tax court. By rule, the department has defined situations in which it will not grant or deny relief or take other action by final order, but will, instead, issue a preliminary ruling. OAR 150-305.115(D)(1). This is just such a situation.

Taxpayers' complaint in the tax court concerns a preliminary ruling, not a final order. They attached no final order to the complaint; neither the record nor the tax court's file contains a final order.

Even if we assume that the department later issued a final order, making no change in the preliminary ruling, taxpayers' complaint cannot sustain this proceeding. Taxpayers did not present the tax court with an appealable order on which it could base its review. The tax court purported to act only on the basis of the department's preliminary ruling;

the judgment states that taxpayers appealed from the department's preliminary ruling and describes the substance of the preliminary ruling. In the absence of a final order, the tax court was without authority to proceed.

The judgment of the tax court is vacated, and the case is remanded with instructions to dismiss the complaint.