# IN THE OREGON TAX COURT

George L. GLANCY
and Lenore E. Glancy

*v.*

## DEPARTMENT OF REVENUE

(TC 3063)

George L. Glancy appeared *pro se* for the plaintiffs.

James C. Wallace, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for defendant rendered December 23, 1991.

**CARL N. BYERS, Judge.**

Plaintiffs appeal from defendant's denial of their petition for relief for the 1990-91 tax year. The parties stipulated the facts and submitted the case for decision on the briefs.[1]

---

[1] Plaintiffs requested all previous correspondence be considered as their brief in a letter dated August 28, 1991.

Plaintiffs' land had been specially assessed for farm use. By letter dated February 1, 1990, the Klamath County Assessor notified plaintiffs that 201.35 acres[2] of their land was disqualified for farm use special assessment. The letter contained the following statement regarding their appeal rights:

"You have a right to appeal this disqualification to the Oregon Department of Revenue within 90 days of receipt of this notice in accordance with ORS 305.275 and 305.280."

Below that statement the letter concluded: "If you have any questions concerning the above, contact our office." Mr. Glancy contacted the assessor's office. Someone in that office told him the board of equalization had to act before he could appeal to defendant. Plaintiffs at that time had valuation appeals pending before the board of equalization.

On March 8, 1990, the assessor sent plaintiffs a second letter with two notices enclosed. The letter explained that based on Mr. Glancy's communications with the assessor's office the office was reinstating farm use deferral on 39 acres in Account No. 3612-1600. Referring to the two notices enclosed, the letter concluded:

"Enclosed is our notice of disqualification on the remaining sixty acres in tax lot 3512-7000 together with a correction of our original notice of February 1, 1990, on tax lot 3612-1600."

Both of the enclosed notices of disqualification contained the same statement, as the first notice, with regard to plaintiffs' appeal rights.

In response to these notices, plaintiffs contacted the Director of the Department of Revenue. By letter dated March 28, 1990, the director responded to Mr. Glancy's communication. The director's letter states:

"If your property or any portion of your property has been disqualified from special assessment as farm-use land, you have 90 days from the date of receiving the disqualification to appeal the disqualification to the Department of Revenue."

Despite these notices, plaintiffs did not appeal until after Mr. Glancy attended a board of equalization hearing in

---

[2] Later corrected to 161.35 acres.

August, 1990. At that time one of the assessor's staff indicated that plaintiffs' appeal time for the disqualification had expired.

■ Regrettably, this case again illustrates the confusion of the public with regard to appeal procedures. Appeals of valuation issues begin with the board of equalization. ORS 309.100. However, the board of equalization has no jurisdiction over issues of exemption or special assessment.[3] Appeals of disqualification for special assessment must be made directly to the Department of Revenue. ORS 305.275(1)(c).

Plaintiffs had valuation appeals pending before the board of equalization. They also were concerned with the notices of disqualification for the same property for the same year. Under those circumstances a taxpayer who does not understand the difference between the two routes of appeal may well be confused. In this case, Mr. Glancy, with candor and honesty, admitted that he did not know the difference. He testified at the hearing before the Department of Revenue:

> "I don't know and I didn't know, though I know now, I didn't know there was a difference between appealing one or the other. I just thought it was an appeal to me, and appeals had to go before the Board."

Plaintiffs are, understandably, frustrated. Mr. Glancy had many contacts with the assessor's office. In all of these contacts, he was seeking assistance in carrying out his responsibilities as a taxpayer.[4] Due to this frustration, plaintiffs now claim that they were misled and the government should be estopped from denying their claims.

■ For obvious reasons, estoppel should not lightly be applied against the government. Plaintiffs must prove that their government misled them. Plaintiffs may have been told

---

[3] For tax year 1991-92 and after, boards of equalization have jurisdiction to hear appeals of special assessment *values*, but still may not rule on issues of qualification for special assessment. *See* ORS 305.515(3)(b).

[4] Some of the "assistance" he received reflects the defensive posture sometimes exhibited by public employees. When public employees fail to disclose information because it may show the government is in error, they merely throw grit into the machinery of government. This defensive attitude is clearly wrong. Such employees have lost sight of the function of government which is to serve the public, not to play games or prove the government is always correct.

they had to wait until the board of equalization acted. However, there is no evidence of the question plaintiffs asked which elicited that response. Plaintiffs may have phrased their question in such a way as to lead the assessor's office to believe they were inquiring about a valuation appeal rather than a disqualification matter. If plaintiffs, without knowing, asked the wrong question, they can hardly complain that they received the wrong answer. *Rothenfluch v. Dept. of Rev.*, 11 OTR 322 (1990), *vac'd on other grounds,* 312 Or 1, 815 P2d 698 (1991).

■ Even if plaintiffs had been furnished incorrect oral advice, they were furnished correct written information on more than one occasion. Plaintiffs received three separate statements from the assessor's office indicating the correct method to appeal. They also received a letter from the Director of the Department of Revenue indicating the correct method to appeal. Under these circumstances, the court cannot find that the plaintiffs were misled.

Defendant's Opinion and Order No. 90-2335 is sustained. Defendant to recover costs.