Argued February 25, affirmed March 16, 1972

RIDDEL, *Respondent, v.* SEARS, ROEBUCK & CO.
(No. 369-298), *Appellant.*

494 P2d 901

*John Wiley Gould,* Portland, argued the cause for

appellant. With him on the brief were McColloch, De-
zendorf, Spears & Lubersky, Portland.

*Donald S. Richardson,* Portland, argued the cause
for respondent. With him on the brief were Green,
Richardson, Griswold & Murphy, Portland.

Before Schwab, Chief Judge, and Langtry and
Foley, Judges.

SCHWAB, C. J.

In this workmen's compensation appeal the hear-
ing officer, Workmen's Compensation Board and the
circuit court all found that the claimant's failure to
file his claim for compensation for injury within the
statutory period provided by ORS 656.265(1),[1] did not
bar his claim, because he came within the good cause
exception, ORS 656.265(4)(c). That statute reads:

"(4) Failure to give notice as required by this
section bars a claim under ORS 656.001 to 656.794
unless:

"* * * * *

"(c) The notice is given within one year after
the date of the accident and the workman or his
beneficiaries establish in a hearing he had good
cause for failure to give notice within 30 days after
the accident."

The hearing officer found that the claimant feared
losing his job should he file an injury claim, and that
this fear was good cause for the delayed filing. There

---

[1] ORS 656.265(1) provides:

"Notice of an accident resulting in an injury or death
shall be given immediately by the workman or his dependent
to the employer, but not later than 30 days after the acci-
dent. The employer shall acknowledge forthwith receipt of
such notice."

is no real dispute about the fact that he sustained an injury on the job. In July 1969, claimant suffered an accidental injury to his back, which was witnessed by a co-employe, while the two were moving a motorcycle crate. The accident was not reported to the employer until April of 1970, after claimant had severed his employment with the company. Claimant testified that he had previously sustained back injuries in 1960 or 1961, while working for the same employer. He said that at that time he was allegedly warned by his operating supervisor that the company would not, in the future, "put up" with any more back trouble. He further testified that he so feared the loss of his job that he did not report the injury in question nor earlier back problems which had required surgery in 1965. The employer's operating supervisor, a Mr. Brewer, denied giving such a "warning" to the claimant. The hearing officer believed the claimant. We quote from his opinion in pertinent part:

"The one thing that will excuse claimant's late filing of his claim in this case is the possible excuse of good cause for the delay * * *.

"The undersigned is persuaded that claimant had good cause for delaying as long as he did. This is not to say that Mr. Brewer was untruthful in his testimony. He obviously has many duties and has many employees to deal with. It would be no surprise if he failed to remember a perhaps exasperated, if ill-advised, remark to one of his workmen back in 1962. * * * Tending to bolster this line of thinking is Mr. Brewer's inability to remember claimant's 1965 surgery—requiring at least three months' recuperative absence from work."

We interpret the employer's brief as contending on appeal, (1) as a matter of law the evidence was insufficient to establish that claimant had good cause for

delay, and (2) even if the evidence was sufficient as a matter of law claimant did not meet his burden of proving good cause by a preponderance of the evidence.

■ As to the first point the employer's argument seems to be that the mere fact that a man believes reporting an accident will cause him to lose his job is insufficient as a matter of law unless this belief is induced by some actual occurrence which is susceptible of such an interpretation by him. Whether the employer is right or wrong on this score we need not here decide, because here there was evidence of such an occurrence—the alleged warning from his supervisor about the consequences of making a claim.

This case then is governed by our holding in *Wilson v. State Acc. Ins. Fund,* 3 Or App 573, 475 P2d 992 (1970), in which we said:

"Whether claimant had good cause for failure to file within the statutory time is a factual question the answer to which depends upon the circumstances of each case * * *." 3 Or App at 576.

■ The difficult question in this case is whether or not the claimant has sustained his burden of proof, and our brevity in dealing with it should not be construed as an indication that the question is not a close one. Were we reviewing this record without having the benefit of a finding on credibility by one who saw and heard the witnesses, we probably would hold that the scales were evenly balanced, or more likely that they were weighted in favor of the employer. However, as we have repeatedly stated, when we review compensation cases de novo, we give great weight to the hearing officer in the matter of credibility of witnesses. When we place the hearing officer's finding as

to credibility on the claimant's side of the scale we find that it weighs in his favor.

Affirmed.