EGAN, C.J.
*1078 *480 Claimant seeks review of an order of the Workers' Compensation Board, asserting that the board erred in reversing an order of an administrative law judge (ALJ) determining that claimant had "good cause" to file a claim after the expiration of the 90-day notice period in accordance with ORS 656.265(4)(c). We conclude on judicial review that the board's order is premised on legal error. ORS 183.482 (8)(a), (b)(A), (c). Accordingly, we reverse and remand the order for reconsideration.
The facts are largely undisputed. Claimant, who works for employer as an HVAC service technician, had just finished installing an air conditioner when he felt an immediate intense pain in his right shoulder as he reached out to prevent some tools from falling. Claimant sought medical treatment the next day, but did not mention to the doctor that the incident had occurred at work; indeed, on forms completed at the doctor's office, claimant noted that the injury had occurred at home, because, as explained further below, he was concerned about his job security if he reported a work injury. The doctor prescribed conservative treatment for the pain.
Claimant went to work the next day. He reported the injury to his two coworkers (one of whom he mistakenly believed was his supervisor) but he asked them not to report it to employer's safety coordinator.
Ultimately, claimant's physician recommended surgery on claimant's shoulder to repair a torn tendon and rotator cuff. After the 90-day period set forth in ORS 656.265,[1] *481 but within one year from the date of the incident, claimant notified the safety coordinator that he would be missing work because of the surgery. At that time, he filled out a claim form. Claimant, who had filed several workers' compensation claims for minor injuries over the years, explained to the safety coordinator that he had not reported the shoulder injury sooner because of a conversation he had had a month earlier with employer's controller that had led him to believe that he would be laid off if he filed another workers' compensation claim.
Employer denied the claim, initially for the reason that it was untimely, and then also on the ground that it was not compensable. ORS 656.265(4) provides that a failure to give timely notice bars a workers' compensation claim, unless the notice is given within one year and the worker establishes "that the worker had good cause for the failure to give [timely] notice[.]" Claimant requested a hearing, contending that he had "good cause" for failing to give timely notice of the accident, based on his concern that if he reported the injury, he might be fired.
Claimant testified at the hearing that he had been injured several times over the years and had filed several workers' compensation claims. He described the conversation with the controller that had led him to believe that if he filed one more claim, he might be laid off. Claimant testified that he was not certain that the controller had actual authority to fire him; but he knew that she was integral to the process and that those who had "issues" with her were not with the company for long. Claimant testified that, before the injury, he had shared the controller's comments with the two coworkers, and they corroborated claimant's testimony.
The controller and safety coordinator also testified at the hearing. The controller testified that she did not have authority to hire or fire technicians and that, although she probably did warn claimant to be safe on the job to avoid injuries, she would not have told him that another injury might cause him to be laid off. Both the controller and the safety coordinator testified that it was not employer's policy to discipline employees for filing workers' compensation *482 claims and they *1079 both expressed surprise at claimant's misunderstanding. In light of that evidence, employer contended that claimant's subjective belief that he could be laid off if he notified employer of the injury was not objectively reasonable, and therefore could not constitute "good cause."
The ALJ found that claimant and the other witnesses were credible. The ALJ found that employer had no policy or intention to fire claimant if he filed another claim and that claimant's belief was likely based on a misunderstanding. But the ALJ also found that claimant's belief was sincerely held, "based upon his interpretation of actual statements that were made to him regarding avoiding injuries on the job." The ALJ concluded that claimant's subjective belief was sufficient to established good cause for the late notice. The ALJ further found that the injury was work-related, and overturned employer's denial.
On employer's appeal, the board reversed the ALJ, relying on our opinion in Riddel v. Sears, Roebuck & Co. , 8 Or. App. 438, 494 P.2d 901 (1972). In Riddel , the claimant did not file a claim for a work-related back injury because he feared losing his job, based on his recollection of having been warned by his supervisor that the company would not "put up" with any more back trouble. Id . at 440, 494 P.2d 901. The employer denied giving the warning, but the ALJ believed the claimant, and found good cause for the untimely notice. On judicial review, the employer contended that "the mere fact that a man believes reporting an accident will cause him to lose his job is insufficient as a matter of law unless this belief is induced by some actual occurrence which is susceptible of such an interpretation by him." The court concluded that it did not need to address the employer's legal argument, finding on de novo review that, "here there was evidence of such an occurrence-the alleged warning from his supervisor about the consequences of making a claim." Id . at 441, 494 P.2d 901.
Here, the board explained that, although it was not departing from the ALJ's demeanor-based credibility findings, claimant's subjective belief that he would be fired or laid off if he filed another claim was not correct. Citing Riddel , the board reasoned that, in the absence of evidence that claimant's subjective belief was based on an *483 "actual occurrence"-i.e. , an actual threat to lay claimant off by a person with authority-claimant had not sustained his burden to prove that he had good cause for failing to give timely notice. One board member dissented, reasoning that the record did indeed include evidence of an "actual occurrence"-the conversation with the controller-as well as other evidence in support of claimant's belief, and established "a reasonable basis for claimant's fear of job loss or discipline for filing a claim, which is sufficient to prove 'good cause' for his untimely claim filing."
On judicial review, claimant contends that the board erred. The board's ultimate determination of "good cause" is a discretionary determination that is reviewed for an abuse of discretion. See Lopez v. SAIF , 281 Or. App. 679, 684, 388 P.3d 728 (2016) (explaining standard); Meza v. Bruce Packing Co., Inc. , 186 Or. App. 452, 459, 63 P.3d 1193 (2003). Factual determinations underlying a discretionary decision are reviewed for sufficiency of the evidence, and predicate legal conclusions are reviewed for errors of law. See Espinoza v. Evergreen Helicopters, Inc. , 359 Or. 63, 117, 376 P.3d 960 (2016) (explaining standard of review). We have reviewed the record and conclude that there is substantial evidence in support of the board's finding that claimant's subjective belief about what would happen was not correct.
However, we conclude that the board erred in determining, based on Riddel , that a worker can establish good cause only by showing an actual threat of being laid off. We draw a different conclusion from Riddel than the board did. We said in that case that a worker's subjective belief must be "induced by some actual occurrence which is susceptible to such an interpretation by him." Id. at 441, 494 P.2d 901. What we meant by that statement is that the worker's subjective belief must be objectively reasonable. If the worker's subjective belief that the worker will be laid off is based on an actual occurrence from which the worker reasonably could conclude that the worker would be laid off, then the worker has established good cause. Here, the board found that claimant had a subjective belief that he would be laid off based on a conversation that he had with *1080 employer's controller. That conversation was an "actual occurrence." We remand the case for the board to determine in the first instance whether claimant's *484 subjective belief based on that actual occurrence was objectively reasonable.[2] ORS 183.482(8)(a)(B) (requiring court to "[r]emand the case to the agency for further action under a correct interpretation of the provision of law").
Reversed and remanded.

ORS 656.265 provides, as relevant:
"(1)(a) Notice of an accident resulting in an injury or death shall be given immediately by the worker or a beneficiary of the worker to the employer, but not later than 90 days after the accident. ***
"* * * * *
"(4) Failure to give notice as required by this section bars a claim under this chapter unless the notice is given within one year after the date of the accident and:
"* * * * *
"(c) The worker or beneficiaries of the worker establish that the worker had good cause for failure to give notice within 90 days after the accident."

We recognize that this is a different standard than the determination of good cause made under ORS 656.319, relating to the timeliness of hearing requests. In Sekermestrovich v. SAIF , 280 Or. 723, 573 P.2d 275 (1977) (applying standard in the context of ORS 656.319 relating to timeliness of hearing requests), the Supreme Court has held that "good cause" for purposes of ORS 656.319 means "mistake, inadvertence, surprise or excusable neglect," as found in ORCP 71 B. Neither the board nor this court has adopted the Sekermestrovich standard or defined "good cause" in the context of a claimant's obligation to provide timely notice of injury under ORS 656.265.