ORDER GRANTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND DENYINGDEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT
This matter comes before the court on Plaintiffs' Motion for Partial Summary Judgment and Defendant's Cross-Motion for Summary Judgment. The parties have agreed that the court may consider this case as one submitted for decision on agreed facts.
The question presented is whether there was good cause for the failure of Plaintiffs' counsel to appear at the time scheduled for the trial of this matter in the Magistrate Division. *Page 2 
This division of the court considers the matter de novo.Spears v. Department of Revenue, ___ OTR ___ (2010).
The facts are as follows. Plaintiffs filed an appeal in the Magistrate Division. An initial trial date of October 28, 2010, was set by the court. Then, and without further discussion with the parties or a case management conference, the court set a new trial date of October 25, 2010. The court sent out a notice by mail of that new date on July 14, 2010 (the reset notice). The reset notice was received at the office of Plaintiffs' counsel.
Plaintiffs' counsel has a relatively small office with a relatively small staff. At the relevant time, that staff consisted of two part-time receptionists, a part-time employee who works both as a bookkeeper and legal assistant and one full-time legal assistant. The full-time legal assistant is responsible for docketing of all litigation related matters, although the part-time assistant also does docketing from time to time.
At the time the reset notice was received in the office of Plaintiffs' counsel, the full-time legal assistant was absent from the office due to a serious illness of a child. The part-time legal assistant did not handle the reset notice, nor did counsel for Plaintiffs. By process of elimination, it appears that one of the two part-time receptionists opened the reset notice and placed it in a stack of papers in the office of Plaintiffs' counsel. The reset notice was not, however, docketed in the litigation docketing system on which Plaintiffs' counsel relies.
Under the rules of the Magistrate Division, exhibits that a party intends to offer at trial must be exchanged 10 days before trial. TCR-MD 10. Plaintiffs' counsel hand delivered proposed trial exhibits to the court on October 18, 2010.
When the case was called for trial on October 25, 2010, Plaintiffs' counsel was not present in the courtroom. The magistrate assigned to the case dismissed the case, noting that *Page 3 
neither Plaintiffs nor their counsel had appeared or contacted the court. The dismissal was for want of prosecution.
Upon receipt of the notice of dismissal on or about October 26, 2010, counsel for Plaintiffs and his staff looked through papers in the office and discovered the reset notice. A request for relief from the decision of the Magistrate was requested. It was denied as motions for reconsideration are not allowed in the Magistrate Division of the court. TC-MD 17 B.
Plaintiffs argue that good cause existed for their failure to appear at the time set for trial in the reset notice. They argue that this matter involves an excusable malfunction in a reasonable docketing system. Plaintiffs point to case law from other courts finding good cause or excusable neglect in situations where a proper system for compliance exists but a subordinate employee of a party fails to execute responsibilities under the system. See Knox v.GenX Clothing, Inc., 215 Or App 317, 168 P3d 1251 (2007). Plaintiffs also rely on cases holding that actions or omissions by counsel are judged by the same standard as would apply if the matter were handled directly by the client. Longyear,Admx. v. Edwards, 217 Or 314, 342 P2d 762 (1959).
Defendant (the department) asserts that the mistake made in this case was avoidable. It argues that the failure to appear at trial as scheduled was the result of neglect that could have been prevented. The department distinguishes the Spears case from the instant case in that in Spears the counsel was physically unable to respond as required by the court.
The court is of the view that it should apply the reasoning of the cases such as Knox and Longyear. Using the approach of those cases, the court finds that Plaintiffs' counsel had instituted a reasonable system to address the important function of docketing litigation matters so that important and potentially critical time limits were dealt with. The record does not indicate a *Page 4 
flaw in the system. Rather, the record indicates that actions of a subordinate employee were inconsistent with the system and led to a failure in the operation of the system.
The court also notes that special circumstances exist in this case. First, it was the court itself that rescheduled the matter. The court did so on its own motion and without contact or discussion with counsel for the parties other than the reset notice. Second, that fact must be analyzed together with the fact that the reset notice advanced the trial date as opposed to setting it later. Those features created a context in which any miscommunication would, or could, be fatal rather than merely inconvenient.
The court concludes on de novo review of the matter that good cause exists to relieve Plaintiffs from the consequences of their failure to appear through counsel at the trial that had been set by the reset notice. The motion of Plaintiffs is granted and the cross-motion of the department is denied. This matter will be continued for determination in the Regular Division of the court. Now, therefore,
IT IS ORDERED that Plaintiffs' Motion for Partial Summary Judgment is granted; and
IT IS FURTHER ORDERED that Defendant's Cross-Motion for Summary Judgment is denied.
Dated this ___ day of May, 2011.
THIS DOCUMENT WAS SIGNED BY JUDGE HENRY C. BREITHAUPTON MAY 9, 2011, AND FILED THE SAME DAY. THIS IS A PUBLISHEDDOCUMENT. *Page 1